**UNITED STATES of America, Appellee,**

**v.**

**June Olson ENDO, Appellant.**

**No. 79–5295.**

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 27, 1980.

Decided Dec. 18, 1980.

William F. Gately, Baltimore, Md., for appellant.

Jane W. Moscowitz, Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and MURNAGHAN, Circuit Judges.

MURNAGHAN, Circuit Judge:

The question on appeal is whether appellant made a false declaration in violation of 18 U.S.C. § 1623[1] during the process of plea bargaining another charge. Appellant, indicted for mail fraud, had initially pleaded guilty; upon entering the plea, she was asked by the court: "Do you, in fact, admit that you are guilty of the crime charged . . .?" Under oath she replied affirmatively. Subsequently, appellant decided to withdraw her plea and stand trial; at the hearing to withdraw the plea, she was asked: "Now, Mrs. Endo, are you in fact guilty?" Her sworn response was "No." The contradiction between "guilty" and "not guilty," both under oath, was the basis of the prosecution. The court which tried the charge of making a false declaration found that the inconsistency between the two statements sufficed to support a finding of guilt. We reverse.

Permission to change her plea from "guilty" to "not guilty" was granted by the court following her statement that she had pleaded guilty in order to avoid the emotional stress that a lengthy trial would cause her and her family. When she subsequently stood trial, she was convicted of all charges.

Following conviction, Endo was then indicted on a single count of making a false declaration in violation of 18 U.S.C. § 1623(c). Endo again was convicted and sentenced to six months imprisonment, to run consecutively to the sentence in the fraud case.

For our purposes the law of perjury and the law relating to false declarations are identical. The reasons why there are two separate statutes, 18 U.S.C. § 1621 and § 1623, are not relevant here, relating to non–substantive matters, such as the two–

---

1.  Title 18 U.S.C. § 1623(c) states:

    (c) An indictment or information for violation of this section alleging that, in any proceedings before or ancillary to any court or grand jury of the United States, the defendant under oath has knowingly made two or more declarations, which are inconsistent to the degree that one of them is necessarily false, need not specify which declaration is false if–

    (1) each declaration was material to the point in question, and

    (2) each declaration was made within the period of the statute of limitations for the offense charged under this section.

    In any prosecution under this section, the falsity of a declaration set forth in the indictment or information shall be established sufficient for conviction by proof that the defendant while under oath made irreconcilably contradictory declarations material to the point in question in any proceeding before or ancillary to any court or grand jury. It shall be a defense to an indictment or information made pursuant to the first sentence of this subsection that the defendant at the time he made each declaration believed the declaration was true.

    Of relevance also is Fed.R.Cr.P. 11(e)(6):

    Inadmissibility of Pleas, Offers of Pleas, and Related Statements. Except as otherwise provided in this paragraph, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with, and relevant to, any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer. However, evidence of a statement made in connection with, and relevant to, a plea of guilty, later withdrawn, a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

witness rule, or the limitation of the tribunals before which the crime can be committed. *See United States v. Gross*, 511 F.2d 910, 914–15 (3d Cir. 1975), *cert. denied*, 423 U.S. 924, 96 S.Ct. 266, 46 L.Ed.2d 249 (1975) ("While it is clear that the perjury and false declaration statutes are not equivalents, it is equally clear that § 1623 is a species of perjury."). The substantive difference (whether the accused acted "knowingly" or "willfully") likewise has no pertinence for our purposes.

■ Conviction for perjury cannot be sustained solely because the defendant gave inconsistent answers to the question, "are you guilty?" To be false, "the statement must be with respect to a fact or facts" and "[t]he statement must be such that the truth or falsity of it is susceptible of proof." *See Kolaski v. U. S.*, 362 F.2d 847, 848 (4th Cir. 1966).

At common law and under many state statutes, statements which present legal conclusions are considered opinion, and cannot form the basis of a perjury conviction. *See, e. g., People v. Longuemire*, 57 Mich. App. 395, 275 N.W.2d 12 (1978). Prosecution there rested on the defendant's sworn testimony at a trial for breaking and entering and larceny where he was convicted of those crimes. His alleged perjury concerned denials that he had committed breaking and entering. For example, he testified "I didn't commit no B & E." The court held that the crime of perjury had not been established, stating:

> In determining whether a perjury information unnecessarily discourages a defendant . . ., a careful distinction must be drawn between perjury as to basic adjudicative facts and perjury as to issues of ultimate fact or law mixed with fact. Basic adjudicative facts pertain to who did what, where, when, how and with what motive or intent. . . . They may be proved for both substantive and impeach-

ment purposes. Ultimate fact questions concern the legal definitions and effects ascribed to the basic facts or combinations of basic facts as found.[3] At common law, it is doubtful that false testimony as to the latter can ever be a basis for a perjury charge, since a court would most likely construe it as mere opinion or as a conclusion of law beyond the realm of common knowledge. . . . To the extent such a charge is valid at common law, it is constitutionally impermissible as it discourages defendants from exercising their rights to testify, without substantially benefiting the administration of justice. The chance that a defendant will lie about the ultimate fact at issue in his case does not significantly threaten the integrity of the fact–finding process.

3. Ultimate facts encompass statements as to noncommission of the crime charged or a legal element of the crime. Thus, statements such as "I didn't bribe Mr. X"[2] or "I didn't break into that house" are statements of ultimate facts which cannot be used as a basis for perjury. Conversely statements which indicate actual details of the crime charged such as "I didn't give Mr. X $50,000" or "I didn't force the door open" are adjudicative facts which can form the basis for a perjury charge.

■ Appellant at the time she gave the inconsistent answers of "guilty" and "not guilty" had not been convicted. Guilt is a question of legal status; a defendant is not guilty until a judge or jury has so declared. After the jury determined her guilt, a factual aspect had been added. Thereafter, a "not guilty" answer would have been factually false, and so subject to prosecution. Prior thereto, however, it had not been decided whether or not she was guilty, so any answer, in contemplation of the law, had to be opinion, with no underlying factual component.[3]

Our holding that the conviction of appellant cannot stand is very narrow. It would not apply to an answer to a question as to whether she had performed one or more of the acts which, if she had done them, would

2. *But see United States v. Long*, 534 F.2d 1097, 1100 (3d Cir. 1976).

3. The prosecution's position is not improved by the appearance in each of the two questions inconsistently answered by Endo of the phrase

"in fact." Called a hoe or a rake, a spade, nevertheless, remains a spade. Appellant's statements were simply not factual, and calling them so would not alter that circumstance.

have established her guilt.[4] For there the answers would be sworn statements of fact. However, the statements that she was or was not guilty amounted to no more than reiterations of her pleas devoid of all factual content.

■ Fed.R.Crim.P. 11(e)(6) renders inadmissible in "any civil or criminal proceeding against the party who made the plea" "a plea of guilty later withdrawn." For the conviction to stand, we should have to hold that what was established plainly and unequivocally by one sentence of the rule was rendered a complete nullity by the very next sentence which allows "evidence of a statement made in connection with and relevant to, a plea of guilty, later withdrawn," to come in in a prosecution for "perjury or false statement . . . ."

We conclude that for the second sentence to operate, something more than the plea itself, or its functional equivalent, is required to constitute remarks a "statement" for the purposes of Rule 11(e)(6).[5]

A criminal conviction for false declaration simply because of the inconsistent answers of "guilty" and "not guilty" would infringe severely on the defendant's right to withdraw a guilty plea in accordance with Fed.R.Cr.P. 32(d). While a defendant has no absolute right to withdraw a guilty plea, this circuit has consistently held that withdrawal should be liberally allowed ("as of course, or almost so,") before sentence. *United States v. Roland*, 318 F.2d 406, 409 (4th Cir. 1963). To allow appellant's conviction of false declaration to stand would effectively place any defendant under the sword of Damocles whenever he or she might seek to assert a recognized procedural right to withdraw a plea.

4. *See Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971) endorsing "having the accused describe the conduct that gave rise to the charge" as a method for developing a factual record.

5. The Supreme Court's proposed Rule 11(e)(6) would have made inadmissible in court both evidence of a plea and statements made in connection with the plea, apparently to encourage defendants to plead guilty. The House version would have made both pleas and statements admissible in perjury prosecutions, "to protect the integrity of the judicial process

The judgment is reversed.

*REVERSED.*

from willful deceit and untruthfulness." H.R. Rep.No.247, 94th Cong., 1st Sess. 37, *reprinted in* [1975] U.S.Code Cong. & Ad.News, pp. 674, 679. The Senate version like the final version, would have made evidence of the plea inadmissible, but would have made statements admissible in prosecutions for perjury. *See* H.R.Conf. Rep.No. 414, 94th Cong., 1st Sess. 10, *reprinted in* [1975] U.S.Code Cong. & Adm.News, p. 713. For a discussion of the legislative history, see Note, *The Oath in Rule 11 Proceedings*, 46 Fordham L.Rev. 1242 (1978).