**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No.  01-10445

UNITED STATES OF AMERICA,                                          Plaintiff-Appellee,

versus

ARIF S. ADAM,                                                  Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

June 25, 2002

Before DAVIS, DeMOSS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Arif S. Adam ("Adam") appeals from his conviction for failure to pay over taxes and from the

district court's failure to allow him to withdraw his guilty plea.  He also appeals from the district

court's decision to impose a sentence enhancement for obstruction of justice.  For the following

reasons, we hereby AFFIRM.

FACTUAL AND PROCEDURAL HISTORY

Adam was charged in June of 2000 by a superseding indictment with three counts of wilfully

1

failing to pay over taxes to the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7202 (1989). The counts of the superseding indictment charged violations occurring in the first, third, and fourth quarters, respectively, of 1994. Adam moved to dismiss the indictment as barred by the applicable statute of limitations. The motion was denied.

On September 19, 2000, pursuant to a plea agreement, Adam pleaded guilty to Count Three of the indictment and signed a factual resume. According to the factual resume, Adam was in charge of several temporary employment agencies between the summer of 1993 and late 1995. Adam admitted that he filed a false tax return, failed to truthfully account for the total amount of employee payroll taxes due in the fourth quarter of 1994, and failed to pay over to the United States the full amount of payroll taxes required by law. The trial judge reserved acceptance of the plea agreement and of the plea of guilty until sentencing.

Adam filed a notice of intent to withdraw his guilty plea on October 3, 2000, and on November 13, 2000, he filed a motion to withdraw the guilty plea. Adam argued in the motion that he had learned of exculpatory information shortly before his scheduled trial. The information was that Automatic Data Processing ("ADP"), a private company that performed various tax services for the businesses run by Adam, had records of tax deposits and filings made on behalf of the businesses in 1993. Adam averred that the IRS, the Government, and his former counsel had previously relied on ADP assertions that such payments had not been made. Adam also averred that his former counsel had discouraged him from presenting such information as a defense and had pressured him into pleading guilty. According to Adam, he succumbed to this pressure because he was in a weakened mental state due to his father's serious illness, and his counsel advised against seeking a continuance as Adam had requested. The district court ruled that Adam did not have an absolute right to

2

withdraw his plea and must show a fair and just reason. After a hearing, the district court denied Adam's motion to withdraw his guilty plea.

The probation officer initially determined that Adam's total offense level was 15. The Government objected to the Presentence Report, requesting an enhancement for obstruction of justice based on Adam's alleged perjury at the hearing on his motion to withdraw his guilty plea. The probation officer agreed that an enhancement for obstruction of justice should be applied and two points for obstruction of justice were added, bringing Adam's total offense level to 17. The district judge overruled Adam's objection as to the obstruction of justice enhancement, ruling that Adam had repeatedly lied when he appeared before the court on his motion to withdraw his guilty plea.

Adam was sentenced to twenty-seven months of imprisonment, three years of supervised release, and was ordered to provide restitution in excess of $170,000. Adam appealed.

DISCUSSION

On appeal, Adam raises several points of error. First, he contends that the statute of limitations barred his indictment. Second, he asserts that the district court erred by requiring him to give a fair and just reason for withdrawing his plea. In the alternative, he asserts that the district court abused its discretion by not allowing him to withdraw his plea. Next, he argues that the district judge should have further inquired into Adam's use of medication to ensure that his plea was knowing and voluntary. Finally, he asserts that the court erred in enhancing his sentence for obstruction of justice based on the testimony he gave at his guilty-plea hearing and by failing to inform him of the consequences of giving untruthful statements to the court. We address these arguments in turn.

I.

Adam, originally indicted in April of 2000, pled guilty to Count Three of his superseding

indictment, which alleged conduct that occurred in the fourth quarter of 1994. On appeal, Adam renews his argument that his indictment under § 7202 was barred by the statute of limitations. Issues of statutory interpretation are reviewed *de novo*. United States v. Santos-Riviera, 183 F.3d 367, 369 (5th Cir. 1999).

A general three-year limitations period applies to violations of the internal revenue laws. 26 U.S.C. § 6531 (1989). However, the statute provides eight specific exceptions for which a six-year statute of limitations applies. Id. As briefed by the parties, the dispute centers on the scope of the exception contained in § 6531(4), which establishes a six-year limitations period "for the offense of willfully failing to pay any tax, or make any return . . . at the time or times required by law or regulations." § 6531(4). At issue is whether § 6531(4) applies to violations of § 7202, which covers "[a]ny person required . . . to collect, account for, and pay over any tax . . . who wilfully fails to collect or truthfully account for and pay over such tax." § 7202.

As the Government points out, every circuit court to have considered the issue has held that § 6531(4) covers § 7202. United States v. Gilbert, 266 F.3d 1180, 1186 (9th Cir. 2001); United States v. Gollapudi, 130 F.3d 66, 68-71 (3d Cir. 1997); United States v. Musacchia, 900 F.2d 493, 498-500 (2d Cir. 1990), vacated on other grounds, United States v. Musacchia, 955 F.2d 3, 4 (2d Cir. 1991); United States v. Porth, 426 F.2d 519, 521-22 (10th Cir. 1970).

Adam argues that the circuit courts have relied on flawed logic to support their holdings as to the statute of limitations issue. He contends that the holding in Musacchia is questionable given that Congress prescribed three-year statutes of limitations for various felony tax offenses. Relying on district court decisions in United States v. Block, 497 F. Supp. 629, 631-32 (N.D. Ga. 1980), and United States v. Brennick, 908 F. Supp. 1004, 1018-19 (D. Mass. 1995), Adam also suggests that

4

the approach taken in Gollapudi is incorrect because it is inconsistent with the structure of the statute.

In holding that six-year limitations period established by § 6531(4) did not apply to offenses under § 7202, the Block court found it "obvious . . . that Congress had the statutory scheme of 26 U.S.C. [§] 7201 et seq. in mind when considering what offenses should be exempted from the three-year period of limitations generally applicable." 497 F. Supp. at 632. The court noted that several of the eight exceptions of § 6531 mention certain code sections by number, noting by way of example that § 6531(5) references §§ 7206 and 7207. Id. The court also found it significant that in § 6531 "there is substantial borrowing of statutory language from certain of the code sections in the [§] 7201 et seq. series." Id. Noting that "the key words of [§] 7202, 'collect, account for, and pay over' are entirely absent from the subsections of [§] 6531 which establish the longer six-year period of limitations," the Block court concluded that it was unlikely that Congress "would omit use of the key words of [§] 7202 if it had intended to make failure to 'pay over' third party taxes subject to the six-year statute of limitations." Id.

Adam also argues that there is a significant distinction between taxes owed by the income earner and taxes owed by a responsible person who is obligated under law to collect taxes on behalf of the government for liabilities arising from a different taxpayer's activities. This view also finds support in Block, which, drawing attention to the subtle difference in language used in §§ 6531(4) and 7202, noted that "failure to 'pay over' third party taxes [as proscribed by § 7202] is substantively different from failure to pay taxes." 497 F.2d at 632.

We are not persuaded. The plain language of § 6531(4) encompasses the conduct engaged in by Adam. As the Third Circuit noted in Gollapudi:

Under a plain reading of this statute, we find it clear that violations of § 7202 are

5

> subject to a six-year statute of limitations under § 6531(4). Specifically, 26 U.S.C. § 7202 makes it an offense for an employer to willfully fail to 'account for and pay over' to the IRS taxes withheld from employees. Given that § 6531 pertains to 'failing to pay any tax,' the District Court correctly found that the failure to pay third-party taxes as covered by § 7202 constitutes failure to pay 'any tax,' and thus, is subject to the six-year statute of limitations under § 6531(4).

130 F.3d at 70.

Further, we are also persuaded by Musacchia's reasoning that it would be inconsistent for Congress to establish a six-year statute of limitations for the misdemeanor offense prescribed in 26 U.S.C. § 7203, while setting a three-year limitations period for the felony offense of § 7202. 900 F.2d at 500.

Because Adam has not shown a persuasive reason for creating a split among the circuits on this issue, and because we believe the plain language of § 6531(4) encompasses § 7202, we conclude that the district court correctly determined that the six-year statute of limitations applies to § 7202.

II.

Adam argues that the district court erred by requiring him to provide a fair and just reason for withdrawing his guilty plea because the plea had not yet been accepted by the court. He argues that courts which require the defendant to provide a fair and just reason in such circumstances have erroneously interpreted United States v. Hyde, 520 U.S. 670 (1997).

However, as Adam acknowledges, this issue has been foreclosed by United States v. Grant, 117 F.3d 788 (5th Cir. 1997). In Grant, we held that the "fair and just reason" standard of Federal Rule of Criminal Procedure 32(e) is triggered by the entry of the defendant's plea. Id. at 790. The Grant court reasoned that "[a]llowing [the defendant] to withdraw his plea without a fair and just reason would defeat the purpose of the plea hearing and diminish the significance of entering pleas."

Id. at 791. In view of our clear holding in Grant, the district court did not err in requiring a "fair and just reason" to support Adam's motion to change his plea.

### III.

Adam argues that the district court erred when it declined to allow him to withdraw his guilty plea. The denial of a Rule 32(e) motion to withdraw a plea of guilty is reviewed for abuse of discretion. Grant, 117 F.3d at 789. We consider seven factors in reviewing the denial of a Rule 32(e) motion: "(1) whether the defendant asserted his innocence, (2) whether withdrawal would prejudice the government, (3) whether the defendant delayed in filing the withdrawal motion, (4) whether the withdrawal would inconvenience the court, (5) whether adequate assistance of counsel was available, (6) whether the plea was knowing and voluntary, and (7) whether withdrawal would waste judicial resources." Id. No single factor is dispositive, and the determination is based on the totality of the circumstances. United States v. Lampazianie, 251 F.3d 519, 524 (5th Cir. 2001). The defendant bears the burden of establishing a "fair and just reason" for withdrawing his guilty plea. United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995).

Adam argues that proceeding with the case would not have been a waste of judicial resources and would not inconvenience the district court. He notes that he gave notice of his intent to withdraw his guilty plea two weeks after he entered his plea, and that he asserted his innocence at his change-of-plea hearing. He also contends that the Government would not be inconvenienced because it had already prepared to try his case, as his guilty plea came just one day prior to the scheduled start of trial.

According to Adam, his motion to withdraw his guilty plea was partially based on information allegedly discovered shortly before he was to go to trial that arguably pointed to his innocence.

7

However, the district judge found that Adam's testimony at the change-of-plea hearing lacked credibility, but that Adam had been credible when initially entering his guilty plea. Adam declared under oath at his guilty-plea hearing that his plea was freely and voluntarily made. As this Court has observed, "[s]olemn declarations in open court carry a strong presumption of verity." Lampazianie, 251 F.3d at 524 (internal quotation and citation omitted). As Adam failed to show a "fair and just reason" to change his guilty plea under the totality of the circumstances, the district court did not abuse its discretion in denying the motion. See Henderson, 72 F.3d at 465.

IV.

Adam argues that the trial court erred at his guilty-plea hearing by failing to inquire into Adam's use of medication. There was no objection by Adam in the district court on this issue. As such, we apply a plain-error analysis. United States v. Vonn, 122 S. Ct. 1043, 1046 (2002). Under this analysis, Adam has the burden of showing that his "substantial rights" were affected. Id. at 1048. "[B]ecause relief on plain-error review is in the discretion of the reviewing court, a defendant has the further burden to persuade the court that the error seriously affect [ed] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotations and citation omitted).

A trial court may not accept a guilty plea "without first . . . addressing the defendant personally in open court, [to] determin[e] that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement." FED. R. CRIM. P. 11(d). Rule 11 does not specifically require that the trial judge inquire as to the defendant's use of medication. See id.

The trial judge complied with Rule 11(d) in this matter by personally addressing Adam and making the required inquiries. The court ascertained that Adam's plea was knowing and voluntary, that no threats or force had been used on Adam, and that the Government had made no promises to

8

Adam as to whether the court would accept the plea agreement. The court also inquired as to whether Adam was under the influence of drugs or alcohol, which Adam denied. Adam's counsel then volunteered the following:

> Your Honor, one other thing on the medication. Mr. Adam is taking Prosac [sic] but I can represent to the [c]ourt that he's extensively looked at this case which has some complex financial aspects to it. He's been able to fully participate in understanding all that, but just to-- for the record he is taking medication as prescribed.

The trial judge made no further inquiries on the medication issue.

As the transcript showed, the trial court fully complied with Rule 11(d) by determining that Adam's guilty plea was given voluntarily. Adam denied taking medication, and his counsel's representation that he was taking Prozac, but had fully participated in the case, only reinforced Adam's testimony as to the voluntariness of his plea. On these facts, we find no error, let alone plain error.

V.

Adam contends that the district court erred by imposing a sentence enhancement for obstruction of justice based on testimony changing his plea from guilty to not guilty. A district court's interpretation or application of the Sentencing Guidelines is reviewed *de novo*, and its factual findings, such as a finding of obstruction of justice, are reviewed for clear error. United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999). Where a factual finding is plausible in light of the record as a whole, it is not clearly erroneous. Id. Unless left with the "definite and firm conviction" that a mistake has been committed, this Court will not deem the district court's finding to be clearly erroneous. United States v. Pofahl, 990 F.2d 1456, 1480 (5th Cir. 1993).

A defendant's offense level is to be increased if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation,

9

prosecution, or sentencing of the instant offense of conviction." U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 (2001). The provision of "materially false information to a judge or magistrate" is among the list of non-exhaustive examples of conduct to which the obstruction of justice enhancement applies. Id. cmt. n.4(f).

The trial court found that Adam had lied under oath at his plea-withdrawal hearing, but did not make detailed factual findings as to which of Adam's statements were untruthful. However, at the sentencing hearing, the Government referred to a transcript from the plea-withdrawal hearing in which Adam admitted that he had been untruthful in response to several questions. The Assistant United States Attorney summarized the transcript as follows:

> The court asked Mr. Adam, "You told the truth on some things but you lied to me on other things."
>
> [Adam:]      "Yes, I did."
>
> [Court:]      "And you lied to me because your attorney told you to lie."
>
> [Adam:]      "Yes."
>
> [Court:]      "And then you lied to me when you said you were actually freely and voluntarily entering the plea of guilty."
>
> [Adam:]      "Yes, I did."
>
> [Court:]      "You lied to me when you said nothing had forced you to enter a plea of guilty?"
>
> [Adam:]      "Yes, I did."
>
> [Court:]      "You lied to me when you told me that the sole reason you were pleading guilty was the fact you were guilty."

[Adam:]        "Yes, I did."

[Court:]       "And you lied to me when you said there was
no other reason that you were pleading guilty."

[Adam:]        "Yes, I did."[1]

The district judge then stated that "in the colloquy that the [G]overnment refers to[,] it was clear to me that the defendant was lying and that he told repeated lies."

As the Government notes, there is no case in the Fifth Circuit that squarely holds that an obstruction enhancement is appropriate for perjury committed during a hearing on a motion to withdraw from a plea of guilty. This Court has held that the enhancement for obstruction of justice "is proper any time the defendant is aware of the action or investigation against him and he conceals or attempts to conceal information material to the investigation, prosecution, or sentencing of the instant offense." United States v. Upton, 91 F.3d 677, 688 (5th Cir. 1996); see also United States v. Reed, 26 F.3d 523, 531 (5th Cir. 1994) (upholding obstruction of justice enhancement based on false testimony given at hearing on motion to suppress evidence).

Adam relies principally on United States v. Endo, 635 F.2d 321 (4th Cir. 1980). Endo held that a defendant's inconsistent answers to the question "are you guilty?" could not sustain a perjury conviction because statements which present legal conclusions are considered opinion, and cannot form the basis of a perjury conviction. Id. at 323. The Endo court observed that permitting the conviction to stand "would effectively place any defendant under the sword of Damocles whenever he or she might seek to assert a recognized procedural right to withdraw a plea." Id. at 324.

Endo does not support Adam's position. The district court did not find Adam to have

---

[1] The Assistant United States Attorney's recitation is faithful to the actual transcript of the plea-withdrawal hearing. However, the actual transcript also shows that Adam explained his guilty plea with reference to his father's illness.

committed perjury based merely on his change of plea. Rather, it was Adam's statements under oath regarding the circumstances surrounding his guilty plea, which the district court found to be untruthful, that led the court to impose the obstruction of justice enhancement. The court's factual finding of perjury is supported by the record as a whole. Thus, it is not clearly erroneous. In this regard, this case is like <u>United States v. Martinez</u>, a Seventh Circuit case wherein the court upheld the application of an obstruction of justice enhancement based upon a defendant's perjurious statements at his plea-withdrawal hearing. 169 F.3d 1049, 1056 (7th Cir. 1999). Based on <u>Martinez</u>, and our review of the record, we find no reversible error in either the district court's interpretation of the Sentencing Guidelines or in its application of the obstruction of justice enhancement to the facts and circumstance of this case.

## VI.

Adam's remaining argument is that the district court erred by failing to advise him of the consequences of making untruthful statements, as required by Federal Rule of Criminal Procedure 11(c)(5). Rule 11(c)(5) provides that, before accepting a plea of guilty or *nolo contendere*, the court must address the defendant personally in open court, and inform him that the court may ask him questions about the offense to which he has pled, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement. Fed. R. Crim. P. 11(c)(5). Adam correctly notes that the district judge did not admonish him as required under Rule 11(c)(5). An allegation that Rule 11 has been violated is subject to plain-error review. <u>Vonn</u>, 122 S. Ct. at 1048.

Adam cites no authority linking a failure to give a Rule 11(c)(5) admonishment with relief from an obstruction of justice enhancement. Moreover, by its terms Rule 11(c)(5) is not applicable to this

12

matter for at least two reasons. First, the trial court found that Adam made false statements at his Rule 32(e) plea-withdrawal hearing, rather than at his guilty-plea hearing, which is the focus of the Rule 11(c)(5) mandate. Second, Adam is not currently subject to a criminal prosecution for perjury or false statements, which are the consequences contemplated by Rule 11(c)(5), but rather to an adjustment under the sentencing guidelines. As such, this claim is also without merit.

## CONCLUSION

For the foregoing reasons, we AFFIRM.

AFFIRMED.