**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 01-51081
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                                                        Plaintiff-Appellee,

versus

LUIS ARMANDO GRAJEDA-OLAGUE,

                                                                        Defendant-
Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-319-8-DB
-----------------------------------------------------------
December 5, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luis Armando Grajeda-Olague ("Grajeda") appeals his sentence following a guilty plea

conviction for conspiring to possess with intent to distribute marijuana. The district court found that

Grajeda was a manager or supervisor of the conspiracy and thus qualified for an adjustment under

U.S.S.G. § 3B1.1(c) and did not qualify for the safety-valve reduction of 18 U.S.C. § 3553(f).

Grajeda contends that the record does not support the district court's conclusion, since the district

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court based its conclusion on the Presentence Investigation Report, which Grajeda argues is unreliable.

The determination that a U.S.S.G. § 3B1.1 adjustment is warranted is a factual finding that is reviewed for clear error. United States v. Ronning, 47 F.3d 710, 711 (5th Cir. 1995). The district court made a credibility determination that Grajeda, who was related to at least one other co-defendant, was not to be believed when he asserted that he did not know the person who recruited him for the crime and did not know that marijuana was in the warehouse until he arrived there. Rather, the district court chose to believe the inculpatory statements of co-defendants who indicated that Grajeda knew details of the transaction and provided instructions to others regarding the transaction. This type of role warrants an adjustment pursuant to U.S.S.G. § 3B1.1(c), see U.S.S.G. § 3B1.1, comment. (n.2), and this court typically defers to the district court's superior position to make this type of credibility determination. United States v. Perez, 217 F.3d 323, 332 (5th Cir. 2000).

We are not left with the definite and firm conviction that a mistake has been committed. Therefore, the district court's finding is not clearly erroneous. United States v. Adam, 296 F.3d 327, 334 (5th Cir. 2002). The district court's decision is AFFIRMED.