IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60582
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD T. HAMLET, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CR-192-ALL-BS
--------------------
January 29, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges:

PER CURIAM:[*]

Edward T. Hamlet, Jr., pleaded guilty to an indictment charging him with failing to pay child support in violation of the felony provisions of the Deadbeat Parents Punishment Act ("DPPA"). Hamlet has appealed his sentence.

Hamlet contends that the district court erred by increasing his offense level for obstruction of justice because Hamlet had testified falsely under oath at the change-of-plea hearing that he had four children when, in fact, he had five. The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fact that Hamlet had a child for which he had failed to take any responsibility was relevant and material to Hamlet's sentence. See United States v. Adam, 296 F.3d 327, 334-35 (5th Cir. 2002). The district court's finding that Hamlet misled the court willfully was not clearly erroneous. See United States v. Bethley, 973 F.2d 396, 402 (5th Cir. 1992) (standard of review).

Hamlet contends that his offense level should have been reduced for acceptance of responsibility. The district court concluded from Hamlet's failure to disclose that he had a fifth child and from Hamlet's fatuous explanation for that omission that Hamlet had not accepted responsibility. No error has been shown.

Hamlet argues that he did not have an ability to pay child support during an 18-month period beginning before and ending after his heart-valve-replacement surgery. Hamlet contends that his failure to pay during that period was not "willful." Accordingly, he contends, the amount of the loss should have been reduced by the sum owed for that period, $33,000. Hamlet challenges his guideline calculation under U.S.S.G. § 2B1.1(b) only and does not contend that the amount of restitution should be reduced. Because consideration of the $33,000 sum did not affect the district court's selection of the sentence imposed, any error by the district court was harmless. See Williams v. United States, 503 U.S. 193, 203 (1992).

Hamlet contends that the district court should have departed downward pursuant to U.S.S.G. § 5H1.4 because he suffers

from a serious heart condition.  This court has "jurisdiction to review the district court's decision not to depart downward from the guideline range only if the court based its decision upon an erroneous belief that it lacked the authority to depart."  United States v. Yanez-Huerta, 207 F.3d 746, 748 (5th Cir. 2000).  The record reflects that the district court understood the extent of its discretion but determined that a departure was not appropriate under the facts of this case.  The judgment is

AFFIRMED.