United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10342
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIDNEY WADE SERS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas, San Angelo
6:00-CR-6-1-C

_____

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sidney Sers pleaded guilty to one count of contempt, one count of obstruction of justice, and

nine counts of money laundering. Pursuant to a plea agreement, he waived his right to appeal with

certain exceptions. The district court sentenced him to 210 months of imprisonment.

Sers argues that the indictment failed to allege the offense of money laundering pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

18 U.S.C. § 1956.[1] It is undisputed that the underlying unlawful activity and the financial transaction must be separate events. Sers contends that because the financial transactions alleged in the indictment were the same acts as the specified unlawful activity, the indictment fails to allege the offense of money laundering.

Relying on *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781 (2002), the government responds that this claim is not jurisdictional, and, as a result, Sers affirmatively waived the claim by agreeing to waive his appeal in the plea agreement. In *Cotton*, overruling prior precedent, the Supreme Court held that an omission from an indictment does not deprive a court of jurisdiction. 122 S.Ct. at 1785.[2] More specifically, "*Cotton* demonstrates that standard waiver principles apply to defects in the indictment." *United States v. Cothran,* 302 F.3d 279, 283 (5th Cir. 2002). Accordingly, by pleading guilty, Sers waived all non-jurisdictional defects, including his claim of defective indictment.

Sers next argues that his guilty plea was involuntary and in violation of Rule 11 because the district court failed to admonish him of the nature of the charges. "Rule 11's requirement that defendants understand the 'nature of the charge' against them refers to the elements of the offense." *United States v. Lujano-Perez*, 274 F.3d 219, 224 (5th Cir. 2001). "Neither Rule 11 nor the case law specifies the minimum that the district court must do to inform the defendant . . . of the nature of the

---

[1] "To secure a conviction under section 1956(a)(1), the government must prove that the defendant 1) conducted or attempted to conduct a financial transaction, 2) which the defendant then knew involved the proceeds of unlawful activity, 3) with the intent to promote or further unlawful activity." *United States v. Puig-Infante,* 19 F.3d 929, 937 (5th Cir. 1994).

[2] *See also United States v. Bieganowski,* 313 F.3d 264, 286-87 (5th Cir. 2002) (relying on *Cotton,* this Court explained that a claim of constructive amendment of the indictment is not the equivalent of a claim of a jurisdictional defect).

2

charge." *United States v. Reyna*, 130 F.3d 104, 110 (5th Cir.1997) (internal quotation and citation omitted). Rather, "the court must have a colloquy with the defendant that would lead a reasonable person to believe that the defendant understood the nature of the charge." *Id.*

The government argues, and Sers concedes, that because he failed to object, this claim may be reviewed only for plain error. *See United States v. Vonn,* 122 S.Ct. 1043 (2002); *United States v. Adam,* 296 F.3d 327, 333 (5th Cir. 2002). *Cf. United States v. Baymon,* 312 F.3d 725, 727 (5th Cir. 2002) (explaining that "even if there is an unconditional plea of guilty or a waiver of appeal provision in a plea agreement, this Court has the power to review if the factual basis for the plea fails to establish an element of the offense which the defendant pled guilty to").

Sers signed a plea agreement and the factual resume admitting his offenses and the facts underlying the offenses. At the plea hearing, the district court inquired of Sers whether he had reviewed and understood those documents and whether they were accurate. Sers responded affirmatively. Additionally, although Sers (through counsel) waived the reading of the initial paragraphs of the indictment, the counts to which he plead guilty were read to him in open court.[3] Finally, the district court inquired whether "[a]fter reviewing your rights, the nature of the charges presented against you, and the potential penalties, do you still wish to plead guilty to those counts?" Sers again responded affirmatively.

Sers argues that, with respect to the money laundering charges, the district court failed to ascertain whether he understood that the government had to prove that the financial transactions were separate acts from the obstructive conduct. The thrust of his argument is that the district court, the

---

[3]   Moreover, the record contains a notation that provides that the indictment was read by the prosecutor at the arraignment held on the superseding indictment on March 21, 2001.

government, and defense counsel failed to comprehend this requirement, and that, had Sers been so admonished, he "most certainly would not have entered [into] this plea agreement."

This argument rests on a faulty premise. As the Tenth Circuit has explained: "All that is required to violate § 1956 is a transaction meeting the statutory criteria that takes place after the underlying crime has been completed. Thus, the central inquiry in a money laundering charge is determining when the predicate crime became a 'completed' offense. . . ." *United States v. Kennedy,* 64 F.3d 1465, 1478 (10th Cir. 1995). Here, for example, Sers's predicate crime of obstruction of justice was completed at the time he knowingly violated the temporary restraining order by transferring assets. Negotiation of the cashier's checks was not required to complete the obstruction of justice. Applying the Tenth Circuit's analysis in *Kennedy,* Sers's negotiation of the cashier's checks constituted separate financial transactions under § 1956. Under these circumstances, Sers has not shown that there was confusion (at least not rising to the level of plain error) in the district court with respect to the elements of § 1956. Accordingly, the premise of Sers's argument fails, precluding him from showing plain error with respect to his Rule 11 claim.[4]

Sers next contends that the district court erred in denying his motion for a continuance of the sentencing hearing based on the failure to allow him sufficient time pursuant to Rule 32 to review a revised presentence report. Because we are not persuaded that Sers was harmed by the denial of the continuance, we find that the district court did not abuse its discretion in denying the motion. We

---

[4] Sers also argues that the district court's failure to define "corrupt" with respect to his obstruction of justice offense violated Rule 11. Sers asserts that the court should have informed him that the government had to prove that he "acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice." The factual resume, which Sers agreed was accurate, amply demonstrates that Sers acted "corruptly." Sers has not show plain error with respect to this contention.

4

likewise conclude that Sers's remaining challenges to his sentence do not entitle him to relief.

The district court's judgment is AFFIRMED.