**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 26, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41336
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS WILFREDO MOLINA-JIMENEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-10-1
--------------------

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Luis Wilfredo Molina-Jimenez appeals his conviction on a guilty plea and his 121-month sentence for possession with intent to distribute marijuana.

Molina-Jimenez contends that the district court abused its discretion when it denied his motion to withdraw his plea. This court reviews the denial of a motion to withdraw a plea for an abuse of discretion. United States v. Adam, 296 F.3d 327, 332 (5th

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2002). The factors considered are: whether the defendant asserted innocence, delayed in filing the motion, and had close assistance of counsel; whether the withdrawal would prejudice the Government, inconvenience the court, and waste judicial resources; and whether the plea was knowing and voluntary. Id. No single factor mandates a particular result, and the determination is made based on the "totality of the circumstances." Id.

An examination of the record and the above factors demonstrates that, based on the totality of the circumstances, the district court did not abuse its discretion by denying Molina-Jimenez's motion to withdraw his plea. See id. The record supports the district court's findings that Molina-Jimenez was not credible and that his assertions of innocence were self-serving. The record shows that Molina-Jimenez entered a knowing and voluntary plea. Solemn declarations in court carry a strong presumption of verity. See id. at 333. Molina-Jimenez has failed to show that withdrawal of his plea would not have caused the Government prejudice, would not have inconvenienced the court, and would not have wasted judicial resources. See id. at 332. The record provides no support for Molina's assertion that he was denied the close assistance of counsel. See id.

Molina-Jimenez asserts that the district court erred by denying him a reduction for his role as a courier in the offense. This court reviews the finding on a defendant's role in an offense

2

for clear error. <u>United States v. Deavours</u>, 219 F.3d 400, 404 (5th Cir. 2000).

Section 3B1.2(b), U.S.S.G., authorizes a two-level reduction for a "minor" participant. The district court is not required to find, based solely on the defendant's bare assertion, that a role adjustment is warranted. U.S.S.G. § 3B1.2, comment. (n.3(C)).

This court has held that a "'mule' or transporter of drugs may not be entitled to minor or minimal status." <u>United States v. Pofahl</u>, 990 F.2d 1456, 1485 (5th Cir. 1993). The burden is on the defendant to establish his entitlement to the reduction by a preponderance of the evidence. <u>Burton v. United States</u>, 237 F.3d 490, 503 (5th Cir. 2000).

Molina-Jimenez was the sole identifiable participant in the crime at issue. The only evidence supporting his argument that he was merely a courier is his self-serving assertion. Furthermore, the record and Molina-Jimenez do not provide any explanation why someone would entrust a mere courier with a large and valuable quantity of marijuana. Molina-Jimenez has not met his burden of showing that he is entitled to the U.S.S.G. § 3B1.2(b) reduction. See <u>Burton</u>, 237 F.3d at 503.

Molina-Jimenez asserts that 21 U.S.C. § 841(a) and (b) are unconstitutional in light of the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). As Molina acknowledges, his argument is foreclosed by this court's precedent

3

and is raised only to preserve the issue for Supreme Court review. See United States v. Fort, 248 F.3d 475, 482-83 (5th Cir. 2001); United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

Accordingly, the judgment of the district court is AFFIRMED.