United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-10217
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                                            Plaintiff-
                                    Appellee,

                          versus

GEORGE MONTES SUSTAITA, also known as
George Montes Sustaita III,

                                                            Defendant-
                                    Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-236-ALL-A
--------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

      George Montes Sustaita appeals his sentence following his guilty plea conviction for escape.

18 U.S.C. § 751.

      Sustaita first argues that the district court erred by imposing a two-level upward adjustment

for obstruction of justice, which was based on the district court's finding that he had committed

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

perjury. A witness testifying under oath commits perjury by giving "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). We review a factual finding of obstruction of justice for clear error. United States v. Adam, 296 F.3d 327, 334 (5th Cir. 2002).

Although Sustaita's testimony at sentencing was not "material" to his guilt or innocence, it was "material" to a relevant issue at sentencing: the recommendation to deny a reduction for acceptance of responsibility. See United States v. Storm, 36 F.3d 1289, 1297 (5th Cir. 1994) ("Material" testimony is that which, "if believed, would tend to influence or affect the issue under determination"). The district court's conclusion that Sustaita intentionally gave false testimony with the intent of trying to influence the Court on this issue also satisfied the requirement of a finding of an obstruction of justice "that encompasses all of the factual predicates for a finding of perjury." Dunnigan, 507 U.S. at 95.

Sustaita also argues that the district court erred by denying a two-level reduction for acceptance of responsibility based on his allegedly untruthful statements regarding the reasons for his escape. A district court's determination that a defendant is not entitled to an adjustment for acceptance of responsibility is entitled to great deference and should not be disturbed unless it is "without foundation." United States v. Washington, 340 F.3d 222, 227 (5th Cir.), cert. denied, 124 S. Ct. 942 (2003). Sustaita tried to mitigate his guilt by indicating that he felt compelled to escape because of unwanted sexual advances. By providing false information in an attempt to minimize his conduct, Sustaita failed to clearly demonstrate acceptance of responsibility.

Sustaita also challenges the district court's upward departure. The district court stated that a departure was warranted because Sustaita's Criminal History Category of VI did not adequately reflect his criminal history or the likelihood of recidivism. These bases are specifically listed in the guidelines as a permissible basis for departure. See U.S.S.G. § 4A1.3. We also agree that a departure was justified based on Sustaita's extensive criminal history, the seriousness of his past crimes, and the apparent ineffectiveness of past brief sentences in deterring future criminal conduct.

We review the extent of an upward departure for an abuse of discretion. See United States v. Bell, 371 F.3d 239, 243 (5th Cir.), cert. denied, 2004 WL 2202431 (U.S. Oct. 4, 2004) (No. 04-5954). When departing upward from Criminal History Category VI, the district court "should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." U.S.S.G. § 4A1.3(a)(4)(B). We have rejected the notion that a district court, when departing on the basis of § 4A1.3, must ritualistically discuss each offense level it rejects before arriving at its final decision. See United States v. Daughenbaugh, 49 F.3d 171, 175 (5th Cir. 1995).

The district court's reasons for the 60-month sentence imposed provide an implicit rationale for its rejection of the intermediate offense levels. See United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993). The departure from a calculated guidelines range of 41-51 months of imprisonment to a sentence of 60 months of imprisonment also does not appear to be excessive when compared to other departures that have been upheld by this court. Cf. Daughenbaugh, 49 F.3d at 174-75 (upholding a departure from a guideline range of 57-71 months to a sentence of 240 months); United States v. Ashburn, 38 F.3d 803, 809 (5th Cir. 1994) (increase from a range of 63-78 months to 180 months).

Finally, relying on <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), Sustaita asserts that his sentence was based on factual findings that were not alleged in his indictment, that he did not admit to, and that were not proven beyond a reasonable doubt. He acknowledges that his argument is foreclosed by this court's decision in <u>United States v. Pineiro</u>, 377 F.3d 464 (5th Cir. 2004).

AFFIRMED.