NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2576
_____

UNITED STATES OF AMERICA

v.

WILLIAM GRAULICH, IV,
                                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-11-cr-00641-001)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
April 16, 2013

Before:  AMBRO, HARDIMAN and COWEN, *Circuit Judges*.

(Filed: April 18, 2013)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

William Graulich IV appeals the District Court's order denying his motion to

withdraw his guilty plea and its sentencing enhancement for obstruction of justice.  For

the following reasons, we will affirm.

I

Because we write for the parties, who are well acquainted with the case, we recite only the facts and procedural history essential to its disposition.

In September 2011, Graulich pleaded guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343. Graulich's guilty plea was entered pursuant to a written plea agreement with the Government, which stipulated, for sentencing purposes, that Graulich's Ponzi scheme caused a loss of $867,000. The plea agreement also stipulated that Graulich was entitled to a three-point reduction for acceptance of responsibility and no other enhancements, for a total offense level of 18. During the plea colloquy, the District Court informed Graulich that the plea agreement was not binding on the Court and that Graulich could be sentenced to a term of imprisonment of up to twenty years. Graulich acknowledged that he understood. Graulich then testified that he was pleading guilty of his own free will, and that he had not been induced or threatened. Next, the District Court explained the elements of conspiracy to commit wire fraud to Graulich. Finally, the District Court and Graulich had the following exchange:

> [The Court:] Was this a fraud, Mr. Graulich?
> (Brief Pause)
> [Graulich:] My contracts with [D.G.] were reached in good faith.
> [The Court:] So you did not commit a fraud?
> [Graulich:] I moved money that I should not have moved.

[The Court:]  Mr. Graulich, this is a simple yes or no question.  You either committed a fraud or you didn't.  You either committed a fraud back in 2008.  If you didn't, then put the Government to its proofs.  Make them try the case and prove this case against you.

[Graulich:]  Yes.

[The Court:]  Yes, sir, what?

[Graulich:]  D.G., D.G. the business investment with D.G. — uh, yes, sir, there was a fraud committed.

[The Court:]  Against D.G.?

[Graulich:]  Yes, sir.

[The Court:]  All right.  Sir, how do you plead to this information guilty or not guilty?

[Graulich:]  Guilty.

App. 136a.  The District Court then accepted Graulich's guilty plea.

On February 14, 2012, the Probation Office delivered Graulich's Presentence Investigation Report (PSR), in which it calculated a loss of $3.6 million rather than the $867,000 stipulated to by the Government.  In addition, the PSR assessed a two-level enhancement, which had not been contemplated by the plea agreement, for committing a substantial part of the fraud outside the United States.  As a result, the PSR calculated a total offense level of 24, six levels higher than was stipulated in the plea agreement.  This calculation increased Graulich's Guidelines sentencing range from 27 to 33 months' imprisonment to 51 to 63 months' imprisonment.

On March 12, 2012, Graulich informed the Government that he would be moving

3

to withdraw his guilty plea. Graulich submitted an affidavit stating that, the day before his September 2011 plea hearing, Sotiris Macromalis, an alleged perpetrator of a related fraud, sent an individual to show Graulich a picture of Graulich's wife and children in Arizona. Graulich further averred that another person sent by Macromalis approached him a month later, and that a private investigation revealed that Macromalis's brother was murdered in North Africa by "very dangerous individuals." (*Id.*) Graulich stated that he attempted to report the threats to the U.S. Attorney's Office, but to no avail. Graulich's affidavit also noted that his PSR assessed a total offense level six points higher than that contemplated by the plea agreement. Therefore, Graulich stated:

> As Probation is claiming (falsely) that the loss is much greater than the actual loss, and since Probation is claiming that there should be a two-level enhancement based upon its incorrect finding that a substantial portion of the scheme occurred outside of the United States, . . . I am moving to withdraw my guilty plea.

App. 89a. Finally, Graulich averred that his guilty plea was defective because he never admitted to forming the requisite intent for conspiracy to commit wire fraud.

At a hearing in April 2012, the District Court denied Graulich's motion to withdraw his guilty plea, finding that the real reason Graulich wanted to withdraw his plea was dissatisfaction with the offense level calculation in his PSR. At the sentencing hearing one month later, the District Court imposed a two-level enhancement for obstruction of justice, because Graulich admitted at the April hearing that he lied under

4

oath when he testified in September that his plea was voluntary. The Court also rescinded the three-level decrease for acceptance of responsibility, because Graulich's attempt to withdraw his guilty plea demonstrated that he did not accept responsibility. Consequently, the District Court calculated a total offense level of 27,[1] corresponding to a Guidelines range of 70 to 87 months' imprisonment. After hearing argument from counsel and considering the 18 U.S.C. § 3553(a) factors, the District Court sentenced Graulich to the bottom of the range (70 months' imprisonment). Graulich now appeals the District Court's denial of his motion to withdraw his guilty plea and the two-level enhancement for obstruction of justice.

## II[2]

We review the District Court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. King*, 604 F.3d 125, 139 (3d Cir. 2010). We review the District Court's legal interpretation of the Sentencing Guidelines de novo, and its factual finding that Graulich willfully obstructed justice for clear error. *See United States*

---

[1] The District Court appears to have made an arithmetic error here. The PSR assessed a total offense level of 24. The District Court indicated that it was making only two changes to the PSR: adding two levels for obstruction of justice, and adding another three levels by removing the acceptance of responsibility reduction. That calculation should have resulted in a total offense level of 29, not 27. This error was harmless as to Graulich because it resulted in a *lower* offense level than he would have received absent the error.

[2] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

5

*v. Powell*, 113 F.3d 464, 467 (3d Cir. 1997).

A

A defendant seeking to withdraw a guilty plea bears "a substantial burden" to show "a fair and just reason for the withdrawal of his plea." *King*, 604 F.3d at 139 (citations omitted); *see also* Fed. R. Crim. P. 11(d)(2)(B). To determine whether a "fair and just reason" exists, we consider whether: (1) the defendant asserts his innocence; (2) the defendant proffers strong reasons justifying the withdrawal; and (3) the government would be prejudiced by the withdrawal. *King*, 604 F.3d at 139. Graulich has not met any of these factors.

First, Graulich did not meaningfully assert his innocence. To do so, a defendant must "not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." *United States v. Jones*, 336 F.3d 245, 253 (3d Cir. 2003) (citation omitted). Rather than attempting to explain why contradictory positions were taken in the District Court, Graulich claims innocence by arguing that he never had the intent to defraud. This argument is belied by Graulich's plea colloquy, which shows that he admitted to having the requisite intent. The District Court informed Graulich that an element of conspiracy to commit wire fraud was "that you joined in this agreement or conspiracy knowing of its objective and intending to join

6

together with at least one other alleged conspirator to achieve this objective." App. 116a. When the District Court asked Graulich if he had committed a fraud, he replied: "I moved money that I should not have moved." App. 136a. When the District Court pressed Graulich on this issue, he stated that "there was a fraud committed" and that he wished to plead guilty. *Id.* Taken as a whole, Graulich's statements in the plea colloquy are an admission of guilt, and he failed to "give sufficient reasons to explain" them in his withdrawal motion. *See Jones*, 336 F.3d at 253.

Second, Graulich did not proffer strong reasons for justifying the withdrawal. Although he averred a vague threat against him, five months after the threat was allegedly made, Graulich provided no evidence beyond his own belated testimony that the threat actually occurred. Even more significant, as the District Court pointed out, Graulich never averred that the threat caused him to plead guilty. The District Court found that the "real reason" for Graulich's motion to withdraw his plea was the Probation Office's calculation of a higher offense level than that contemplated by the plea agreement. Given that Graulich himself averred that was the case, the District Court's finding was obviously correct. Dissatisfaction with an offense level calculation is not a strong reason for withdrawing a guilty plea. *See King*, 604 F.3d at 140 & n.7.

Finally, allowing Graulich to withdraw his guilty plea would prejudice the Government. As the District Court found, the Government suspended its investigation

into Graulich in light of his guilty plea, and seven months elapsed between Graulich's guilty plea and his motion to withdraw it. Thus, the District Court did not abuse its discretion by refusing to allow Graulich to withdraw his guilty plea.

B

Graulich also challenges the District Court's imposition of a two-level enhancement for obstruction of justice. The District Court applied the enhancement after finding that Graulich committed perjury. This finding was not clearly erroneous. At the April withdrawal of guilty plea hearing, Graulich himself admitted to lying under oath:

> Q. And is it your testimony here today while you are also under oath that the testimony on [September 23, 2011] was in fact a lie?
>
> [Graulich:] Yes, because of the perception of the violence against my family, yes.

App. 168a.

Having found that Graulich committed perjury, the District Court committed no legal error by applying the obstruction of justice enhancement. Section 3C1.1 of the United States Sentencing Guidelines provides for a two-level enhancement

> [i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.

The obstruction of justice enhancement applies to defendants who commit perjury.

8

*See* USSG § 3C1.1 cmt. 4(B); *United States v. Dunnigan*, 507 U.S. 87, 98 (1993). Thus, the District Court's legal conclusion that the obstruction of justice enhancement was appropriate because Graulich committed perjury was correct.

Graulich challenges the enhancement on three grounds: (1) that the District Court failed to make sufficient findings; (2) that he did not "willfully" provide the false testimony because he provided it in order to protect his family rather than to obstruct justice; and (3) that his false testimony was not material. None of these arguments has merit. First, while "'it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding,' express separate findings are not required." *United States v. Boggi*, 74 F.3d 470, 479 (3d Cir. 1996) (quoting *Dunnigan*, 507 U.S. at 95). If "the record establishes that the district court's application of the enhancement necessarily included a finding as to the elements of perjury, and those findings are supported by the record, we will not remand merely because the district court failed to engage in a ritualistic exercise and state the obvious for the record." *Id.* Here, the District Court applied the obstruction of justice enhancement after listening to counsel's argument that Graulich committed perjury while cross-examined about the voluntariness of his guilty plea—an argument which necessarily implies that Graulich willfully lied about a material matter. Thus, the District Court created an adequate record. *Cf. Rita v. United States*, 551 U.S. 338, 359 (2007) ("Where a matter is . . . conceptually

9

simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively.").

Second, perjury does not require a specific intent to obstruct justice—rather, it requires only that a defendant give false testimony with the "willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Dunnigan*, 507 U.S. at 94. Here, Graulich admitted at his April hearing that he lied when he stated under oath at his September hearing that no one had threatened him into pleading guilty. Therefore, the District Court did not clearly err by finding that he had the intent to provide false testimony—either at the September hearing or the April one.

Finally, testimony related to Graulich's guilty plea is material because his conduct during the guilty plea is related to his offense of conviction. *See, e.g.*, *United States v. Ardolf*, 683 F.3d 894, 901 (8th Cir. 2012) (obstruction of justice enhancement justified when defendant admitted guilt under oath but later attempted to withdraw his guilty plea claiming innocence); *United States v. Adam*, 296 F.3d 327, 334–35 (5th Cir. 2002) (obstruction of justice enhancement appropriate when defendant admitted that he lied about the circumstances surrounding his guilty plea); *United States v. Martinez*, 169 F.3d 1049, 1056 (7th Cir. 1999). Thus, the District Court properly assessed a two-point enhancement for obstruction of justice.

10

## III

For the foregoing reasons, we will affirm the judgments of the District Court.