# United States Court of Appeals for the Fifth Circuit

_____

No. 23-10040
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ardis Williams,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-239-1

_____

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Ardis Williams appeals his conviction of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He presents three arguments on appeal. First, he argues that § 922(g)(1) should be construed as requiring more than a showing that the firearm he possessed traveled in interstate commerce and, alternatively, if the

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

fact of interstate travel is sufficient, § 922(g)(1) is unconstitutional because it exceeds Congress's enumerated powers to regulate interstate commerce. Second, he argues that § 922(g)(1) is unconstitutional because it violates the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Third, he argues the district court violated Rule 11 of the Federal Rules of Criminal Procedure when it accepted his plea.

Regarding Williams's Commerce Clause arguments, we review the interpretation or constitutionality of federal statutes de novo. *See United States v. Adam*, 296 F.3d 327, 330 (5th Cir. 2002); *United States v. Bailey*, 115 F.3d 1222, 1225 (5th Cir. 1997). Here, circuit precedent forecloses his argument that past movement of a firearm in interstate commerce is insufficient. *See United States v. Rawls*, 85 F.3d 240, 242–43 (5th Cir. 1996). Furthermore, we have consistently upheld the constitutionality of § 922(g)(1) as "a valid exercise of Congress's authority under the Commerce Clause." *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013); *see also United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020). Accordingly, these arguments are foreclosed.

We review Williams's *Bruen* argument for plain error because he did not preserve the issue. To demonstrate plain error, Williams must show that (1) there is an error, (2) the error is clear or obvious, rather than subject to reasonable dispute, and (3) the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted). However, "[m]eeting all four prongs is difficult, as it should be." *Id.* (internal quotation marks and citation omitted). We recently rejected a plain-error *Bruen* challenge to

§ 922(g)(1).  *See United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023). Williams's challenge is likewise unavailing.  *See id.* at 572-74.

Lastly, Williams argues that, in light of his challenges to § 922(g)(1), the district court misadvised him of the nature of his offense and erroneously accepted the factual basis for his guilty plea, in violation of Federal Rules of Criminal Procedure 11(b)(1)(G), 11(b)(3).  Given our disposition of Williams's underlying arguments, it follows that the district court committed no Rule 11 error.

AFFIRMED.