# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2010

Charles R. Fulbruge III
Clerk

No. 09-10473
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY EUGENE HODGES,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 7:08-CR-12-2

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Billy Hodges pleaded guilty, pursuant to a written plea agreement, of conspiracy to manufacture a controlled substance. He contends that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court abused its discretion in denying his motion to withdraw his guilty plea. He claims, without elaboration, that he presented a valid reason for withdrawal based on discrepancies between findings in the presentence report and evidence presented at a suppression hearing. He has not shown that there was a fair and just reason for him to withdraw his plea or that the district court abused its discretion in denying the motion. *See United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009); *see also United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984) (listing factors to be considered on motion to withdraw).

Hodges argues that his guilty plea was involuntarily entered because of his medical condition and potential side effects of medications. Because those contentions were not raised in the district court, our review is for plain error only, for which Hodges must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To establish that any error in accepting his guilty plea affected his substantial rights, Hodges must show a reasonable probability that, but for the error, he would not have entered the plea. *United States v. London*, 568 F.3d 553, 558 (5th Cir. 2009), *petition for cert. filed* (Aug. 11, 2009) (No. 09-5844).

Under FED. R. CRIM. P. 11(b)(2), "Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." The magistrate judge did so. Hodges was asked, at rearraignment, whether he was under the influence of drugs, and he responded negatively. His statements at the rearraignment hearing with respect to his competence and the voluntariness of his plea carry a strong presumption of verity. *See United States v. Adam*, 296 F.3d 327, 333 (5th Cir. 2002). "Rule 11 does not specifically require that the trial judge inquire

as to the defendant's use of medication." *Id.* (stating that failure to inquire into defendant's medication at rearraignment was not error, plain or otherwise, because district court asked whether plea was voluntary and whether defendant was under the influence of drugs). Moreover, Hodges merely contends that his medications might have affected the voluntariness of his plea, not that they actually did. Thus, he has not shown that his substantial rights were affected. *See London*, 568 F.3d at 558.

The judgment is AFFIRMED.