# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2013

No. 12-30943
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NDEM ODUU,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CR-127-1

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ndem Oduu, proceeding *pro se* and *in forma pauperis*, appeals his conviction and sentence following the entry of his guilty plea to possession of 15 or more unauthorized access devices. He presents two issues. Each fails.

First, he maintains the district court interfered impermissibly with the plea negotiations, causing his plea to be invalid. Federal Rule of Criminal Procedure 11(c) prohibits a district court from participating in, or interfering with, the plea-negotiation process. FED. R. CRIM. P. 11(c)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Oduu did not object on this basis in district court, this issue is reviewed only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). Under that limited standard, Oduu must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish that any error in accepting his guilty plea affected his substantial rights, Oduu "must show a reasonable probability that, but for the error, he would not have entered the plea". *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Even if Oduu shows reversible plain error, we will exercise our discretion to remedy the error only if it "seriously affects the fairness, integrity or reputation of judicial proceedings". *Id.* (internal quotation marks and citation omitted).

Oduu's statements at the re-arraignment hearing with respect to his competence and the voluntariness of his plea carry a strong presumption of verity. *See United States. v. Hodges*, 369 F. App'x 586, 587 (5th Cir. 2010) (per curiam) (unpublished) (citing *United States v. Adam,* 296 F.3d 327, 333 (5th Cir. 2002)). The record does not show the court interfered with the plea negotiations. Likewise, the re-arraignment hearing transcript shows Oduu's guilty plea was intelligent and voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). In short, he has not shown reversible plain error.

For the other issue, Oduu contends the court erred by applying the adjustment for obstruction of justice to his sentence. The Government asserts that review of this issue is barred due to the appeal-waiver provision in Oduu's written plea agreement.

To determine whether an appeal is barred by an appeal waiver provision in a plea agreement, our court conducts a two-step inquiry: (1) whether the waiver was knowing and voluntary; and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (citing *United States v.*

*McKinney*, 406 F.3d 744, 746-47 (5th Cir. 2005)).  Whether an appeal waiver is valid is a question of law, reviewed *de novo*.  *United States v. Burns*, 433, F.3d 442, 445 (5th Cir. 2005) (citing *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992)).

Because Oduu demonstrated at his re-arraignment hearing that he understood the plea agreement, including the appeal waiver, and raised no question regarding that provision, the waiver is valid.  *See United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005) ("To be valid, a defendant's waiver of his right to appeal must be informed and voluntary.") (quoting *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994)).  Whether Oduu's waiver applies to the circumstances at hand is based on the plain language of the plea agreement.  *See McKinney*, 406 F.3d at 746. Oduu waived his right to appeal on all grounds other than those exceptions contained in the waiver provision. Oduu's claim is barred because his challenge to the obstruction-of-justice adjustment does not fall within any exception contained in the waiver. *See id.* at 746-47.

AFFIRMED.