**UNITED STATES of America,**
**Appellee,**

v.

**Nestor CANO, Defendant–Appellant.**

**No. 05–4683–cr.**

United States Court of Appeals,
Second Circuit.

June 21, 2006.

Sabrina P. Shroff, New York, NY, for Appellant.

Iris Lan, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. RALPH K. WINTER and Hon. REENA RAGGI, Circuit Judges, Hon. PAUL A. CROTTY, District Judge.[1]

## SUMMARY ORDER

Defendant Nestor Cano appeals from a judgment of conviction entered on August 17, 2005, which followed his guilty plea to participating in a conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. On this appeal, Cano argues that his 108–month sentence of incarceration must be vacated because the district court, in selecting that term, sought to punish Cano for following his attorney's advice not to allocute to a particular drug quantity at the time of guilty plea. We assume

---

1. The Honorable Paul A. Crotty, United States District Judge for the Southern District of New York, sitting by designation.

the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

■ Cano confronts a preliminary obstacle in pursuing this appeal: a sentencing agreement promise that he would "neither appeal, nor otherwise litigate ... any sentence within or below the Stipulated Guidelines range" of 87 to 108 months' imprisonment. Sentencing Agreement at 4. Cano entered into this agreement in order to secure "safety valve" consideration at sentencing. See 18 U.S.C. § 3553(f); see also U.S.S.G. §§ 2D1.1(b)(7), 5C1.2. At sentencing, Cano averred that he had read the Sentencing Agreement and understood its waiver provision. See Sentencing Tr. at 7. The district court found that Cano entered into this agreement "knowingly and voluntarily and willingly." Id. at 9. The government supported and the district court awarded safety-valve sentencing consideration; nevertheless, it sentenced Cano at the top of his 87 to 108 month Guidelines range.

We have consistently upheld the validity and enforceability of plea agreements stipulating to a defendant's waiver of his right to appeal. See, e.g., United States v. Roque, 421 F.3d 118, 124 (2d Cir.2005); United States v. Morgan, 406 F.3d 135, 137–38 (2d Cir.2005). Although the waiver here at issue is part of a sentencing agreement rather than a plea agreement, we have held that the two are analogous for purposes of determining the enforceability of appeal waivers. See United States v. Stevens, 66 F.3d 431, 437 (2d Cir.1995). In upholding the enforceability of appeal waivers in plea agreements, we have remarked that permitting a defendant who has secured the benefits of such an agreement to appeal a sentence conforming to

the agreement would "render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido–Contreras, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam ). The same logic applies in this case. As a result of the sentencing agreement, Cano secured a safety-valve reduction in both the minimum sentence mandated by statute and his Sentencing Guidelines range.

■ The only circumstances in which we have declined to enforce waivers of appeal are when "the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, ... when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." United States v. Gomez–Perez, 215 F.3d 315, 319 (2d Cir. 2000) (citations omitted). In his appellate brief, Cano does not contend that any of these exceptions apply in his case. Indeed, he does not even acknowledge his waiver, arguing only the merits of his sentencing challenge. Only in his reply brief does he suggest that his sentencing agreement was involuntary. See Appellant's Reply Br. at 3 ("Mr. Cano had no choice but to accede to the government's demand that he sign the sentencing agreement, in order to re-obtain the safety valve recommendation."). This court generally "will not consider an argument raised for the first time in a reply brief." United States v. Yousef, 327 F.3d 56, 115 (2d Cir.2003). In any event, Cano cites no legal authority to support his argument that the government's insistence on a waiver of appeal necessarily rendered the sentencing agreement involuntary. Indeed, such an argument is at odds with our numerous decisions upholding such waiver provisions.

Finally, Cano's belated challenge to the voluntariness of his sentencing agreement is at odds with his sworn statements to the district court. *See United States v. Juncal,* 245 F.3d 166, 171 (2d Cir.2001) (stating that defendant's sworn statements at plea allocution carry strong presumption of truth). Under these circumstances, we conclude that the waiver provision of his Sentencing Agreement is properly enforced.[2]

The appeal from the district court's August 17, 2005 judgment of conviction is DISMISSED.

---

**2.** Even if we were to address the merits of Cano's sentencing challenge, he would not be entitled to any relief on appeal. The record simply does not support Cano's claim that the court's imposition of a 108–month sentence was a punitive reaction to his failure to allocute to drug quantity at the time of his plea.

Preliminarily, we note that it was the district court that urged the government to afford Cano a third opportunity to satisfy the safety valve criteria, hardly action consistent with the charged punitive intent. Similarly, although the court criticized Cano for seeking "from the beginning" of the case to "minimize your culpability," it expressly stated that it would *not* penalize Cano by denying him "the downward adjustment for acceptance of responsibility." Sentencing Tr. at 12–13.

In fact, the record indicates that the court's sentencing decision was informed not by Cano's initial failure to allocute to drug quantity but by the demonstrated seriousness of his criminal conduct. As the court explained, at his plea allocution, Cano suggested that his drug trafficking was limited to "doing a favor for his boyfriend." Tr., July 19, 2005, at 16. In fact, a *Fatico* hearing demonstrated that Cano "was involved in a lot more than that." *Id.* Because the seriousness of the crime of conviction and the defendant's role in the offense are proper factors for consideration in determining the appropriate sentence, *see* 18 U.S.C. § 3553(a)(1) and (2), we would be inclined to reject Cano's sentencing challenge as without merit even if the issue were properly before us.