**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EMIGDIO TREJO-NOLASQUEZ,

    Defendant-Appellant.

No. 08-2279

(D.C. No. CR-08-01692-WJ-1)
(D.N. Mex.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, McWILLIAMS,** and **MURPHY**, Circuit Judges.

---

Defendant Emigdio Trejo-Nolasquez pled guilty to illegally re-entering the

United States after having been deported, in violation of 8 U.S.C. §§ 1326(a) and

(b). The district court sentenced him to 37 months' imprisonment, a sentence

which was at the bottom of his advisory Sentencing Guideline range. On appeal,

Trejo-Nolasquez argues that his sentence is substantively unreasonable because

the district court erred in applying the 18 U.S.C. § 3553(a) factors when it denied

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

his request for a downward variance. We have jurisdiction pursuant to 28 U.S.C. § 1291. We agree with the government's argument that Trejo-Nolasquez has waived his right to appeal, and dismiss this appeal.[1]

## I.

Trejo-Nolasquez pled guilty without entering into a plea agreement with the government. Prior to sentencing he did, however, sign a waiver of his appeal rights and any post-conviction challenges to his sentence in exchange for the government agreeing to an additional one-point reduction in his Sentencing Guideline offense level. The waiver stated in its entirety:

> The Defendant, EMIDGDIO TREJO-NOLASQUEZ, is aware that federal law affords a defendant the right to appeal the sentence imposed. Acknowledging that right, the Defendant knowingly and voluntarily waives the right to appeal any sentence imposed that is within or below the Sentencing Guideline range that is applicable to the Defendant.
> In addition, the Defendant agrees to waive any other collateral attack to the Defendant's conviction pursuant to 28 U.S.C. § 2255, except that the Defendant specifically reserves the right to raise ineffective assistance of counsel through the district court, if the Defendant elects to raise such a claim. No other issue is reserved.
> In exchange for this waiver of appeal rights and post-conviction challenges, the United States agrees that the total offense level shall be reduced an additional one level.
> I have read this waiver of appeal rights and have carefully reviewed every aspect of it with my attorney in my native language. I understand this waiver and I knowingly and voluntarily sign it in the presence of the Court.

---

[1] Although it is preferred that the government file a motion to enforce an appeal waiver before briefing commences, failure to file such a motion "does not preclude a party from raising the issue in a merits brief." See Tenth Cir. R. 27.2(A)(1)(d), (2), (3).

ROA, Vol. 1, Doc. 21 at 1. This agreement resulted in the lowering of Trejo-Nolasquez's applicable Guideline range from 41 to 51 months to 37 to 46 months. At sentencing, where a Spanish speaking interpreter was in attendance, Trejo-Nolasquez's attorney presented this written agreement to the district court. While the district court did engage in a brief conversation with defense counsel regarding the waiver, it never directly addressed Trejo-Nolasquez about it. Trejo-Nolasquez contends on appeal that the district court's failure to engage him in a colloquy regarding the appeal waiver, coupled with the fact that the waiver and the sentencing hearing were in English and not his native tongue, render his waiver unenforceable.

## II.

In determining whether to enforce a defendant's waiver of appellate rights this court must determine: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the appellant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

### A. *Scope of Waiver*

When considering an appeal brought subsequent to a defendant executing an agreement to waive his appellate rights, this court must first determine whether the appeal in question falls within the scope of the waiver. Hahn, 359 F.3d at

3

1325.  The waiver Trejo-Nolasquez signed explicitly stated that he waived his right to appeal any sentence imposed within or below the applicable Sentencing Guideline range.  The district court sentenced Trejo-Nolasquez to a term within his applicable Guideline range and thus his instant appeal, which challenges the substantive reasonableness of the sentence imposed, is unquestionably within the scope of the waiver that he signed.

### B.  *Knowing and Voluntary Waiver*

We next address whether the defendant's waiver was knowing and voluntary.  Hahn, 359 F.3d at 1325.  The appellant bears the burden of demonstrating that he did not knowingly and voluntarily enter into the agreement.  Id. at 1329.  In addressing this question, we examine whether the written waiver contains language indicating that the defendant entered into the agreement knowingly and voluntarily.  Id. at 1325.  As appeal waivers are usually obtained as part of a plea agreement, we normally also consider the existence and adequacy of a Federal Rule of Criminal Procedure 11 plea colloquy in making this determination.  Id.  Here, however, Trejo-Nolasquez pled guilty without the benefit of a plea agreement and did not present his appellate waiver to the district court until sentencing.  We are left then with only the written appellate waiver and the sentencing transcript when determining whether Trejo-Nolasquez's waiver of his appellate rights was knowing and voluntary.

The waiver signed by Trejo-Nolasquez explicitly states that he read and

4

carefully reviewed every aspect of it with his attorney in his native language and that he both knowingly and voluntarily signed it in the presence of the court and knowingly and voluntarily waived his appellate rights. At sentencing, the district court did not, however, question Trejo-Nolasquez directly regarding the waiver. Instead, the court merely affirmed that defense counsel had reviewed it with him. Trejo-Nolasquez relies on this absence of a colloquy and on the fact that the sentencing proceedings and the waiver were both in English—a language in which he is not fluent—to support his position that his waiver was not made knowingly and voluntarily.

Trejo-Nolasquez's argument is unpersuasive. We have the unique circumstance here that Trejo-Nolasquez entered his plea without the benefit of a plea agreement and before the appellate waiver was executed. Given this chronology of events, the Rule 11 provisions which require the court to engage the defendant in a colloquy when taking a plea or accepting a plea agreement were not triggered here when the appeal was presented to the court. Even given that significant distinction, we find persuasive a case in which we addressed a defendant's argument that a language barrier resulted in an unknowing and involuntary plea where Rule 11 did apply.

In United States v. Ibarra-Coronel, 517 F.3d 1218, 1220-23 (10th Cir. 2008), the defendant was a Mexican citizen and spoke Spanish. 517 F.3d at 1223. The district court conducted a Rule 11 plea colloquy in English, but used an

5

interpreter.  Id. at 1223.  During the course of the colloquy, however, the magistrate judge erroneously stated that the maximum penalty for the offense was ten years when in fact that was the mandatory minimum penalty.  Id. at 1220.  This was a clear violation of Rule 11(b)(1).  Id.  We noted, however, that the defendant "failed to indicate during the district court proceedings—either at the Rule 11 hearing, the sentencing hearing, or otherwise—that her inability to speak or read English compromised her understanding of the plea agreement" and went on to hold that "[b]ecause the parties had already entered into their Rule 11 agreement, the magistrate judge's statement could not have created such ambiguity as to undermine the 'knowing and voluntariness' of [the] Defendant's plea agreement."  Id. at 1223.

Similarly, Trejo-Nolasquez had the benefit of a translator at both his plea and sentencing hearings, and though there was a brief miscommunication between him and the court at his plea hearing, he failed to indicate at any time during either hearing that his inability to speak or read English compromised his ability to understand the proceedings or his waiver agreement.  Further, in stark contrast to the sentencing court in Ibarra-Coronel, the district court in the instant case made no misleading statements and in fact accurately noted that Trejo-Nolasquez had formally waived his right to appeal his sentence.  This, coupled with the explicit language of the waiver which stated that it had been reviewed with Trejo-Nolasquez in his native language and the district court's confirmation that counsel

6

had reviewed it with him prior to sentencing, leads us to conclude that Trejo-Nolasquez has not satisfied his burden of demonstrating that his waiver was not knowing and voluntary.

### C. *No Miscarriage of Justice to Enforce Waiver*

Finally, in order for us to conclude that enforcing the waiver would not result in a miscarriage of justice we must determine that none of the following occurred: (1) that the district court relied on an impermissible factor such as race; (2) that ineffective assistance of counsel in connection with the negotiation of the waiver renders it invalid; (3) that the sentence exceeds the statutory maximum; or (4) that the waiver is otherwise unlawful. Hahn, 359 F.3d at 1327. Three of these possibilities can be summarily rejected. Trejo-Nolasquez concedes that his sentence did not exceed the statutory maximum and he does not allege that the district court relied upon any impermissible factors or that there was ineffective assistance of counsel. Trejo-Nolasquez does, however, allege that because his waiver was not knowing and voluntary, it is therefore unlawful. This argument is unavailing because as discussed above, Trejo-Nolasquez has failed to satisfy his burden in this regard. Thus, we conclude it is not a miscarriage of justice to enforce Trejo-Nolasquez's waiver of appellate rights.

## III.

Trejo-Nolasquez has executed an enforceable waiver of his appellate rights.

His appeal is DISMISSED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge