# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-30571

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMMY WALTERS,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

REAVLEY, Circuit Judge:

Tommy Walters appeals following his conviction by a jury of conspiracy and substantive drug offenses, as well as unlawful use of communications facilities. He challenges the participation of alternate jurors during the jury deliberations. Because Walters waived his right to appeal in a sentencing agreement, however, we DISMISS the appeal.

## I.

Walters was charged in a multi-count, multi-defendant indictment with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base, and three counts of unlawful use of communication facilities. The Government filed a notice of sentencing enhancement pursuant to 21 U.S.C. § 851(a) because

No. 12-30571

Walters had two prior felony drug convictions. The enhancement exposed Walters to a mandatory sentence of life imprisonment in the instant case. Following the jury's verdict of guilty, Walters filed motions for a new trial and to arrest judgment, arguing that the district court had improperly allowed two alternate jurors to participate in the jury deliberations.

Walters subsequently entered into a sentencing agreement with the Government in which he agreed to withdraw his pending motions and waive his right to appeal the conviction and sentence in exchange for the Government's dismissal of the second statutory sentencing enhancement. As a result of this agreement, Walters faced a mandatory minimum sentence of twenty years in prison. Walters and his counsel both signed the agreement, and at sentencing Walters re-affirmed his intent to enter into the agreement after it was read aloud by the Government's attorney. The district court sentenced Walters to a total term of 240 months in prison.

## II.

On appeal, Walters seeks to argue that the district court plainly erred by allowing two alternate jurors to take part in the jury deliberations. The Government argues that the appeal is barred by the appeal waiver in the sentencing agreement. We have not previously addressed the enforceability of appeal waivers contained in sentencing agreements, although we have routinely enforced voluntary and informed appeal waivers contained in plea agreements. *See, e.g., United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). Our sister circuits have uniformly held that waivers in sentencing agreements are enforceable just as waivers in plea agreements are enforceable. *See, e.g., United States v. Cheney*, 571 F.3d 764, 766 (8th Cir. 2009); *United States v. Trejo-Nolasquez*, 346 F. App'x 374, 375-77 (5th Cir. 2009); *United States v. Cano*, 190 F. App'x 34, 36-37 (2d Cir. 2006); *United States v. Stevens*, 66 F.3d 431, 437 (2d Cir. 1995). We agree with our sister circuits.

No. 12-30571

The validity of an appeal waiver is an issue of law that we review de novo. *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005). We will enforce a defendant's waiver of appellate rights if the waiver was knowing and voluntary, and if the waiver applies to the circumstances at hand. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

In the instant case, Walters challenges only the voluntariness of his appeal waiver. He argues that the waiver was not knowing and voluntary because the district court did not address the waiver in open court at sentencing and failed to ensure that he fully understood the consequences of the waiver. We are not persuaded.

The sentencing agreement expressly indicated that "[t]he defendant acknowledges that this Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that he fully understands it." Both Walters and his counsel signed the agreement. At the sentencing hearing, the Government's attorney read the agreement into the record. Walters then verbally re-affirmed that he had signed the document and that it was his intent to enter into the agreement. He raised no question about the waiver. Walters argues that the district court did not discuss or explain the waiver provision at the sentencing hearing. But because Walters's waiver was contained in a post-verdict agreement rather than in a pre-trial plea agreement, as is typical, the requirement that the district court discuss an appeal waiver before accepting a guilty plea is inapplicable. *See* Fed. R. Crim. P. 11(b)(1)(N); *Cheney*, 571 F.3d at 767 & n.4; *Trejo-Nolasquez*, 346 F. App'x at 376. Walters acknowledged both in writing and at the sentencing hearing that he intended to enter into and understood the agreement, which contained a clear and explicit waiver, and we conclude that the waiver was therefore both knowing and voluntary. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("Because McKinney indicated that he had read and understood the

plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary.").

As a result of the sentencing agreement, Walters voluntarily chose the guarantee that he would not face a mandatory life term in prison over the uncertainty of pursuing an appeal. He may not now avoid the consequences of his agreement after having received the benefit of his bargain.

APPEAL DISMISSED.