# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30583
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT CHARLES HART, III,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-205-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert Charles Hart, III, pleaded guilty pursuant to a written plea agreement to being an accessory after the fact to a carjacking that resulted in two murders and the distribution of marijuana. He was sentenced to a total of 204 months in prison and three years of supervised release. As part of his plea agreement, Hart waived his right to directly appeal his conviction and sentence on any ground except a sentence imposed in excess of the statutory maximum.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30583

On appeal, Hart attacks his sentence, arguing that the district court misinterpreted and misapplied the Sentencing Guidelines and imposed an unreasonable sentence. The Government seeks the enforcement of the appeal waiver contained in the plea agreement and contends that the appeal must be dismissed. In the alternative, the Government argues that the district court committed no sentencing error.

In his opening brief, Hart does not challenge, or even address, the validity of the appeal waiver, and he has not filed a reply brief to respond to the Government's waiver argument. The record reflects that Hart knowingly and voluntarily waived his right to appeal his sentence except in limited circumstances not present in the instant appeal. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Because Hart's appeal of his sentence is clearly barred by the valid waiver, the appeal is dismissed. *See United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1349 (2014). We caution defense counsel that pursuing an appeal contrary to a valid waiver the Government seeks to enforce is a needless waste of resources and could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

APPEAL DISMISSED.