# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10620
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE RODRIGUEZ-ZAMORA, also known as Fred, also known as Jorge Tapia Villa,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-320-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jorge Rodriguez-Zamora (Rodriguez) appeals his conviction and sentence for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. He argues that the appeal waiver should not be enforced due to the fact that his guilty plea was invalid because the magistrate judge failed to make a sufficient inquiry into whether the plea was voluntary.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10620

He also argues that the district court misapplied U.S.S.G. § 5K1.1 when determining the extent of the departure in this case. The Government invokes the appeal waiver.

As Rodriguez correctly concedes, his challenge to the voluntariness of his guilty plea is reviewed for plain error. To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record reflects that the magistrate judge adequately questioned Rodriguez regarding the voluntariness of the plea. *See* FED. R. CRIM. P. 11(b)(2). "Rule 11 does not specifically require that the trial judge inquire as to the defendant's use of medication." *United States v. Adam*, 296 F.3d 327, 333 (5th Cir. 2002). Nevertheless, the magistrate judge questioned Rodriguez about his medical history and the use of medication, drugs, and alcohol. Rodriguez informed the court that he was not under the influence any substance that might affect his ability to understand the proceedings. Rodriguez's statements at the rearraignment hearing with respect to his competence and the voluntariness of his plea carry a strong presumption of verity. *See Adam*, 296 F.3d at 333. Thus, no error is apparent, plain or otherwise. Moreover, Rodriguez merely contends that his medication might have affected the voluntariness of his plea, not that it actually did. Thus, Rodriguez has not shown that his substantial rights were affected. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

The record reflects that the waiver was knowing and voluntary. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Rodriguez waived all

No. 14-10620

of his appeal rights except the right to bring a direct appeal of a sentence that exceeded the statutory maximum or resulted from an arithmetic error at sentencing, to challenge the voluntariness of his guilty plea or the waiver provision, and to bring a claim of ineffective assistance of counsel. The argument he seeks to raise on appeal, that the district court misapplied U.S.S.G. § 5K1.1 when determining the extent of the departure in this case does not fall within any of the exceptions contained in the waiver. Thus, that argument is barred by the plea agreement. *See Bond*, 414 F.3d at 544.

The Government has invoked the appeal waiver to bar Rodriguez's appeal. Therefore, Rodriguez is bound by the appeal waiver. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). Accordingly, the appeal is dismissed. *See id*. at 230-31 & n.5; *see also United States v. Walters*, 732 F.3d 489, 490 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1349 (2014).

APPEAL DISMISSED.