# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50799
c/w No. 14-50801
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE HUMBERTO FLORES,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1180-1
USDC No. 2:09-CR-902-3

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Humberto Flores challenges his 168-month and 24-month consecutive sentences, imposed following his guilty-plea conviction for: conspiracy to possess, with intent to distribute, more than 100 kilograms of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-50799
c/w No. 14-50801

marijuana, in violation of 21 U.S.C. §§ 841, 846; and the revocation of his previously imposed term of supervised release.

Regarding his 168-month marijuana-conspiracy sentence, he contends the district court procedurally erred by relying on its past practice regarding the extent of downward departures, rather than focusing on the considerations provided in Sentencing Guideline § 5K1.1 (departure for substantial assistance). He also asserts the sentence is substantively unreasonable. The Government claims Flores' appeal of this sentence is barred by the waiver-of-appeal provision in his plea agreement.

Review of the record shows that Flores' appeal waiver was knowing and voluntary, as he knew he had the right to appeal and that he was forfeiting that right by entering the plea agreement. *See United States v. Bond,* 414 F.3d 542, 544 (5th Cir. 2005); *United States v. Portillo,* 18 F.3d 290, 292–93 (5th Cir. 1994). Further, Flores' contentions do not fall under any of the listed exceptions to the waiver. Because the waiver-of-appeal provision precludes review of Flores' sentence for conspiracy to possess marijuana, his appeal is dismissed in part. *See, e.g., United States v. Walters,* 732 F.3d 489, 491 (5th Cir. 2013), *cert. denied,* 134 S. Ct. 1349 (2014).

Flores' substantive-reasonableness challenge to his revocation sentence, is not barred by the waiver-of-appeal provision. Although Flores does not separately challenge the substantive reasonableness of his revocation sentence, he contends that, because his longest prior sentence was only 18 months' imprisonment, his combined sentence of 192 months' imprisonment is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a). He also claims the court failed to consider his history and characteristics, including his addiction to drugs and need for drug treatment.

No. 14-50799
c/w No. 14-50801

This court ordinarily reviews sentences imposed for revocation of supervised release under a plainly-unreasonable standard. *United States v. Warren,* 720 F.3d 321, 326 (5th Cir. 2013). But, Flores did not raise these issues in district court (as he concedes); therefore, review is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Flores must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Because his 24-month revocation sentence falls within the applicable advisory Guidelines-sentencing range, and is consistent with Guideline § 7B1.3(f) (mandating "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving"), it is entitled to a presumption of reasonableness. *See, e.g., United States v. Lopez-Velasquez,* 526 F.3d 804, 808–09 (5th Cir. 2008) (citation omitted). To rebut the presumption of reasonableness, Flores must show that the district court failed to account for a sentencing factor that should have been accorded substantial weight, gave substantial weight to an "irrelevant or improper factor," or made "a clear error of judgment in balancing [the] sentencing factors". *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

At the revocation hearing, the court stated it would consider Flores' prior allocution in his marijuana-conspiracy sentencing hearing as well as any new statement he wished to make. Flores did not make any statement. In addition, in imposing the revocation sentence, the court "considered the policy statements in Chapter Seven of the Sentencing Guidelines" and found the

No. 14-50799
c/w No. 14-50801

recommended range to be adequate.  Therefore, Flores has not shown clear or obvious error.

DISMISSED IN PART; AFFIRMED IN PART.