# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50708
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

STEPHEN EIKELBOOM,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CR-7-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Stephen Eikelboom challenges his 151-month sentence, imposed on resentencing for his conviction for manufacturing a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). He claims the court: committed plain error by failing to inquire, pursuant to Federal Rule of Criminal Procedure 32, whether he had read the revised presentence investigation report and discussed it with his attorney; and erred by converting cash

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-50708

currency into drug equivalents for purposes of computing his base-offense level, pursuant to Sentencing Guideline § 2D1.1(a)(5), (c)(4) (setting offender's offense level at 32 for possession of at least 3,000, but less than 10,000, kilograms of marijuana equivalent).  In response, the Government asserts, *inter alia*, that the appeal should be dismissed based on Eikelboom's waiver of his right to appeal, contained in his plea agreement.

Pursuant to the terms of the waiver, Eikelboom waived the right to directly appeal his sentence on any ground, except the denial of his motions to suppress and the applicability of the career-offender provision.  Therefore, the waiver provision encompasses his Rule 32 and Guideline § 2D1.1 challenges.  Because Eikelboom does not challenge the voluntariness, and the Government seeks enforcement, of the waiver, the appeal is dismissed.  *See, e.g., United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *see also United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013).

DISMISSED.