# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1173

_____

United States of America

*Plaintiff - Appellee*

v.

Jeffery Thompson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: July 7, 2015
Filed: July 22, 2015
[Unpublished]

_____

Before SMITH, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jeffery Thompson directly appeals the district court's[1] judgment, entered after a jury found him guilty of cocaine base conspiracy and distribution offenses. In a

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel questions whether enforcement of an appeal waiver, entered pursuant to a sentencing agreement, would constitute a miscarriage of justice. In a pro se supplemental brief, Thompson argues the indictment was defective because it omitted the word "intentionally."

In conformity with the parties' stipulations in a written sentencing agreement, the district court sentenced Thompson to concurrent terms of 324 months in prison, and supervised release totaling 10 years. As part of that agreement, in exchange for the government's withdrawal of an amended 21 U.S.C. § 851 information, which would have resulted in a mandatory life sentence, Thompson agreed to waive his right to appeal or collaterally challenge his conviction and sentence on any grounds except (1) a sentence imposed contrary to the sentencing agreement, (2) a sentence exceeding the statutory maximum, or (3) a constitutionally defective sentence, but he retained the right to assert claims of ineffective assistance of counsel. Thompson initialed every paragraph, and confirmed in writing and at the sentencing hearing that he was knowingly and voluntarily waiving his rights, after conferring with counsel, in order to induce the government to accept the sentencing stipulations.

Because the record demonstrates that Thompson acted knowingly and voluntarily, and that no miscarriage of justice would result, we enforce the sentencing agreement's appeal waiver. <u>See</u> <u>United States v. Cheney</u>, 571 F.3d 764, 766 (8th Cir. 2009); <u>see also</u> <u>United States v. Walters</u>, 732 F.3d 489, 491 (5th Cir. 2013), <u>cert. denied</u>, 134 S. Ct. 1349 (2014).

An independent review of the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), reveals no nonfrivolous issue outside the scope of the appeal waiver.

Accordingly, the appeal is dismissed, and counsel's motion to withdraw is granted.

_____