# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

───────────

No. 15-50213
Summary Calendar

───────────

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDGAR ACOSTA,

Defendant-Appellant.

───────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-1-1

───────────

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Edgar Acosta pleaded guilty pursuant to a plea agreement to conspiracy to import marijuana. In the plea agreement, Acosta waived the right to appeal his sentence on all grounds and retained the right to challenge his sentence only to the extent that it resulted from a violation of his constitutional rights based upon the ineffective assistance of counsel or prosecutorial misconduct of

───────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50213

a constitutional dimension.  The district court varied downwardly from the advisory guidelines range and sentenced Acosta to 24 months of imprisonment.

Acosta argues that the district court wrongly determined his base offense level and, as a result, incorrectly calculated his advisory guidelines range.  He asserts that he was not responsible for the drugs attributed to him as relevant conduct and that the district court violated the Sixth Amendment by assigning to him drug amounts to which he did not admit and which a jury did not find beyond a reasonable doubt.  The Government contends that the appeal waiver in the plea agreement bars Acosta's claim.  We review the validity of an appeal waiver de novo.  *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005).

The record establishes that Acosta knowingly and voluntarily waived his right to appeal.  Acosta knew that he had the right to appeal, indicated that he reviewed and understood the waiver, and understood that he was waiving his appellate rights under the terms of the waiver.  *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  The Government complied with the plea agreement and intends to enforce the appeal waiver, which includes the claim that Acosta seeks to assert.  *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002).  Thus, the appeal waiver bars Acosta's argument.

Acosta also argues that his trial counsel rendered ineffective assistance by not challenging the reasonableness of the sentence.  To the extent that this argument falls within an exception to the waiver, the record is not sufficiently developed to enable us to consider this claim fairly.  Accordingly, we decline to consider it on direct appeal without prejudice to any right Acosta has to raise it on collateral review.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014).

No. 15-50213

Thus, Acosta has asserted claims that are barred by the appeal waiver or not suitable for resolution on appeal. Accordingly, the appeal is dismissed. *See United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013).

APPEAL DISMISSED.