# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40742
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL ESTRADA, also known as Sergio Richard Bustillos, also known as Richard Sergio Bustillos, also known as Moises Rivera Perez, also known as Victor Hugo Cisneros, also known as Victor N. Estrada, also known as Victor Hugo Estrada, also known as Victor Hugo Estrada-Cisneros,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-724-1

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Estrada pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, and he was sentenced to 168 months of imprisonment. As part of his plea agreement, Estrada waived his right to directly appeal his conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and sentence on any ground except to raise a claim of ineffective assistance of counsel.

On appeal, Estrada argues that the district court erroneously applied a leader or organizer role enhancement under the Sentencing Guidelines; that the district court violated his right to procedural due process by not transferring his case to ensure that the same district judge sentenced the related criminal cases; and that the 168-month sentence constituted cruel and unusual punishment in violation of the Eighth Amendment.  He also argues that the Government breached the plea agreement.  The Government seeks the enforcement of the appeal waiver contained in the plea agreement and contends that the appeal must be dismissed.

In his opening brief, Estrada does not challenge, or even address, the validity of the appeal waiver, and he has not filed a reply brief to respond to the Government's waiver argument.   The record reflects that Estrada knowingly and voluntarily waived his right to appeal his sentence except in limited circumstances not present in the instant appeal. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  Further, the plea agreement expressly provided that "the Government will recommend the Defendant be given maximum credit for acceptance of responsibility and a sentence of imprisonment at the lowest end of the applicable guideline range."  Estrada has not established a breach of the plea agreement on either point. *See United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014).

Because Estrada's issues for appeal are clearly barred by the valid waiver, the appeal is dismissed. *See United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013).  We caution defense counsel that pursuing an appeal contrary to a valid waiver that the Government seeks to enforce is a needless

No. 15-40742

waste of resources and could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

APPEAL DISMISSED; SANCTION WARNING ISSUED.