# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20540
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

CHERYL REED JOHNSON, also known as Shawnee Reed, also known as Cheryl Reed,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-575-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cheryl Reed Johnson was convicted of conspiracy to commit mail fraud, making false statements to a bank in connection with a loan, and wire fraud. The district court imposed a within-guidelines sentence of 151 months and a three-year term of supervised release. Now, Johnson argues that her plea is involuntary due to omissions in her Federal Rule of Criminal Procedure 11

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20540

colloquy. Specifically, she contends that the district court neglected to admonish her concerning her right to counsel at trial and on appeal, her right to testify at trial, the Government's right to seek forfeiture, and the appellate waiver contained in her written plea agreement. Because these arguments show no obvious error, they fail. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Vonn*, 535 U.S. 55, 59 (2002). Insofar as Johnson challenges her convictions by arguing that her plea was involuntary, her arguments are unavailing, and her convictions are AFFIRMED.

The Government argues that Johnson's challenge to her sentence is barred by her waiver of her appellate rights. Review of the record shows that Johnson's waiver was knowing and voluntary and that the waiver applies to her argument that her sentence is unreasonable. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). We thus decline to address this argument, and Johnson's appeal is DISMISSED to the extent she challenges her sentence. *See United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013). Finally, Johnson's pro se motions to proceed pro se and to relieve appointed counsel are DENIED.