# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60331
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO MEDRANO-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CR-124-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Armando Medrano-Garcia appeals the 54-month below-guidelines sentence arising from his guilty-plea conviction for illegal reentry after deportation following an aggravated felony conviction. *See* 8 U.S.C. § 1326(a), (b)(2). The Government moves to dismiss the appeal based on the appeal waiver contained in Medrano-Garcia's plea agreement or, in the alternative, for summary affirmance. Medrano-Garcia opposes the Government's motion, arguing that the waiver should not be enforced.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60331

As part of a valid plea agreement, a defendant may waive his statutory right to appeal. *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). Our review of appeal waivers are *de novo* using "a two-step inquiry, asking: (1) whether the waiver was knowing and voluntary and (2) whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue." *United States v. Graves*, 908 F.3d 137, 139 (5th Cir. 2018) (citations and quotation marks omitted).

Medrano-Garcia asserts he could not knowingly and voluntarily waive appeal because at the time of his plea he did not know what sentence the district court would impose. Pre-sentence appeal waivers, however, are not invalid simply because a defendant has yet to ascertain his precise punishment. *United States v. Melancon*, 972 F.2d 566, 567–68 (5th Cir. 1992).

Medrano-Garcia's second argument is similar. In addition to not knowing the punishment later to be imposed, he also argues that appellate courts are prevented from giving needed review to district court decisions, that the waivers are "inherently unfair 'contract[s] of adhesion,'" and that appeal waivers purport to waive rights that do not yet exist because such rights only arise once a defendant knows his sentence. There is no merit to these arguments. We have "routinely enforced voluntary and informed appeal waivers contained in plea agreements." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013).

The Government's motion to dismiss the appeal is GRANTED. Its alternative motion for summary affirmance is DENIED as moot.

APPEAL DISMISSED.