# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2023

Lyle W. Cayce
Clerk

No. 23-60290
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HENRY HERRERA GARCIA,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:22-CR-91-1

———————————————————

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Henry Herrera Garcia pleaded guilty, pursuant to a written plea agreement, to possession of 15 or more counterfeited and unauthorized access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(3). He was sentenced to 41 months of imprisonment, followed by a three-year term of supervised release. On appeal, Garcia challenges his sentence as

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

substantively unreasonable, urging that it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) under the totality of the circumstances, including his role in the offense, his lack of criminal history, and his personal history and characteristics.

Invoking the waiver of appeal provision in Garcia's plea agreement, the Government moves to dismiss the appeal or, alternatively, for summary affirmance, asserting that the waiver is valid and enforceable and precludes Garcia's sentencing challenge. The motion for summary affirmance is DENIED because the summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent. *Cf. United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010) (noting the denial of summary affirmance where an issue was not foreclosed).

Garcia argues that his appeal waiver is not enforceable because it is unconstitutional, basing his argument on a concurring opinion in *United States v. Melancon*, 972 F.2d 566, 570-80 (5th Cir. 1992) (Parker, J., concurring). However, as he apparently concedes, this court has held that appellate rights are "statutory, not constitutional" and that even constitutional rights can generally "be waived as part of a [valid] plea agreement." *United States v. Keele*, 755 F.3d 752, 756 (5th Cir. 2014); *see also United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *Melancon*, 972 F.2d at 567.

The validity of an appeal waiver is a question of law that we review de novo. *Keele*, 755 F.3d at 754. The record confirms that Garcia read and understood the plea agreement, which contained an "explicit, unambiguous waiver of appeal." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Thus, his appeal waiver was knowing and voluntary. *See United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014); Fed. R. Crim. P. 11(b)(1)(N).

No. 23-60290

Accordingly, he is bound by it unless the Government breached the plea agreement. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002).

Garcia does not argue that the Government breached the plea agreement, and the record demonstrates that, to the contrary, the Government complied with each of its promises in the plea agreement. Consequently, the waiver is valid and enforceable, *see Gonzalez*, 309 F.3d at 886, and bars Garcia's challenge to his sentence. *See Higgins*, 739 F.3d at 736-37; *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013).

Accordingly, IT IS ORDERED that the Government's motion for dismissal is GRANTED, and the appeal is DISMISSED.