# United States Court of Appeals for the Fifth Circuit

—————————

No. 24-60157
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alan Giovani Santiago-Garcia,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:23-CR-96-1

———————————————————————

Before Jones, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Alan Giovani Santiago-Garcia pled guilty, pursuant to a written agreement with the Government, to being unlawfully present in the United States following removal. The district court sentenced him to 27 months of imprisonment, followed by a three-year term of supervised release. Santiago-Garcia has not yet filed a brief.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60157

Invoking the waiver of appeal provision in Santiago-Garcia's plea agreement, the Government moves to dismiss the appeal or, alternatively, for summary affirmance, asserting that the waiver is valid and enforceable and precludes Santiago-Garcia's sentencing challenge. The motion for summary affirmance is DENIED because the summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent. *Cf. United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010) (noting the denial of summary affirmance where an issue was not foreclosed).

Santiago-Garcia argues that his appeal waiver is not enforceable because it is unconstitutional, basing his argument on a concurring opinion in *United States v. Melancon*, 972 F.2d 566, 570–80 (5th Cir. 1992) (Parker, J., concurring). However, as he apparently concedes, this court has held that appellate rights are "statutory, not constitutional," and that even constitutional rights can generally "be waived as part of a [valid] plea agreement." *United States v. Keele*, 755 F.3d 752, 756 (5th Cir. 2014); *see also United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *Melancon*, 972 F.2d at 567. Santiago-Garcia does not identify the issues that he would raise on appeal or otherwise challenge the knowing and voluntary nature of his guilty plea or any other aspect of his plea agreement.

The validity of an appeal waiver is a question of law that we review *de novo*. *Keele*, 755 F.3d at 754. "An appeal waiver bars an appeal if the waiver (1) was knowing and voluntary and (2) applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014). The record confirms that Santiago-Garcia read and understood the plea agreement, which contained an "explicit, unambiguous waiver of appeal." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Thus, his waiver was knowing and voluntary. *See Higgins*, 739 F.3d at 736; Fed. R. Crim. P. 11(b)(1)(N). Accordingly, he

No. 24-60157

is bound by it unless the Government breached the plea agreement. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002).

Santiago-Garcia does not argue that the Government breached the plea agreement, and the record demonstrates that, to the contrary, the Government complied with each of its promises in the plea agreement. Consequently, the waiver is valid and enforceable, *see Gonzalez*, 309 F.3d at 886, and it applies to bar Santiago-Garcia's appeal. *See Higgins*, 739 F.3d at 736–37; *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013).

Accordingly, IT IS ORDERED that the Government's motion to dismiss is GRANTED, and the appeal is DISMISSED.