# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2024

Lyle W. Cayce
Clerk

No. 23-30454

United States of America,

*Plaintiff—Appellee*,

*versus*

Devin Chaney,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CR-16-1

_____

Before Smith, Clement, and Higginson, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Devin Chaney pleaded guilty, per a written plea agreement, to two counts of an eleven-count indictment: Hobbs Act Robbery (Count Three) in violation of 18 U.S.C. § 1951(a) and Armed Bank Robbery (Count Nine) in violation of 18 U.S.C. § 2113(a), (d). In the plea agreement, Chaney waived his right to appeal, except to appeal a sentence above the statutory maximum or to assert ineffective assistance of counsel.

Chaney appeals the sentence on the ground that the district court improperly sentenced him as a career offender under U.S.S.G. § 4B1.1. The

government has moved to dismiss the appeal on the ground that Chaney's appeal waiver is valid and enforceable. Because Chaney knowingly and voluntarily waived his right to this appeal, we grant the motion to dismiss.

## I.

At sentencing, the district court determined that Chaney qualified as a career offender under § 4B1.1 because he had been convicted of at least two controlled substance offenses—a 2012 Louisiana conviction of possession with intent to distribute cocaine and a 2019 Louisiana conviction of distribution of a controlled dangerous substance less than 2.5 pounds and possession with intent to distribute marihuana less than 2.5 pounds. With an offense level of 31 and a criminal history category of VI, Chaney's guideline range of imprisonment was 188 to 235 months.

Chaney objected to the career-offender enhancement, contending that his 2019 conviction did not qualify as a predicate controlled substance offense because Louisiana's marihuana prohibition was broader than federal law—the state had not yet decriminalized hemp. The government responded that Chaney could not meet his burden to demonstrate that Louisiana's definition of marihuana was overbroad. Similarly, the probation officer maintained that Chaney had at least two qualifying predicate offenses.

During the sentencing hearing, the district court overruled Chaney's objection and imposed a bottom-of-the-guidelines sentence of 188 months for each count, to be served concurrently, followed by a four-year term of supervised release. The court also ordered Chaney to pay $4,706 in restitution. Chaney timely appealed, but the government invokes the waiver-of-appeal provision in the plea agreement and asks this court to dismiss the appeal.

## II.

"This court reviews *de novo* whether an appeal waiver bars an appeal."

No. 23-30454

*United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014) (cleaned up) (citing *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002)). "We analyze waivers of appeal in plea agreements using contract law." *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) (citing *United States v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999)). And "waiver[s] of appeal [are] enforceable to the extent that the government invokes the waiver provision in [the] plea agreement." *Id.*

"To determine the validity of an appeal waiver, this court conducts 'a two-step inquiry.'"[1] We must ask whether (1) "the waiver was knowing and voluntary" and (2) "under the plain language of the plea agreement, the waiver applies to the circumstances at issue."[2] "A waiver is both knowing and voluntary if the defendant indicates that he read and understood the agreement and the agreement contains an 'explicit, unambiguous waiver of appeal.'"[3]

## III.

Applying the two-step analysis of *Bond*, we hold that Chaney knowingly and voluntarily waived his appeal and that the waiver covers his claims.

Chaney pleaded guilty to two of the eleven counts in the superseding indictment, and, in return, the government agreed to dismiss the remaining nine counts. As part of that plea deal, Chaney acknowledged that his statutory maximum was 20 years for Hobbs Act Robbery and 25 years for Armed Bank Robbery.

---

[1] *Keele*, 755 F.3d at 754 (quoting *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)).

[2] *Id.* (citing *Bond*, 414 F.3d at 544); *see also Story*, 439 F.3d at 231.

[3] *Keele*, 755 F.3d at 754 (quoting *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005)).

His plea deal also contained an appeal waiver, which stated that Chaney "knowingly and voluntarily"

    a. Waives and gives up any right to appeal or contest his sentence, including any right to appeal any aspect of his sentence, including but not limited to any and all rights which arise under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

    b. Waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any U.S.S.G. determinations and their application by any judge to the defendant's sentence and judgment.

ROA.267 (plea agreement) (cleaned up). The government did not ask Chaney to waive his "right to bring a direct appeal of any sentence imposed in excess of the statutory maximum" or "to raise a claim of ineffective assistance of counsel."[4]

Chaney asserts that his waiver "was inherently unknowing and involuntary" because, unlike "the constitutional rights waived by a guilty plea," sentence-related appeal rights are unknown at the time they are waived.[5] But, as Chaney acknowledges, this court has long rejected that position, and it remains foreclosed. *See Barnes*, 953 F.3d at 386–87 (citing *United States v. Creadell Burns*, 433 F.3d 442 (5th Cir. 2005)).

Chaney also contends that enforcement of the waiver provision in the plea agreement would result in a miscarriage of justice. We have not adopted

---

[4] ROA.267. *See United States v. Barnes*, 953 F.3d 383, 388–89 (5th Cir. 2020) (recognizing "only two exceptions to the general rule that knowing and voluntary appellate and collateral-review waivers are enforceable: first, ineffective assistance of counsel, and second, a sentence exceeding the statutory maximum") (citations omitted).

[5] Opp. to Mot. to Dismiss Appeal at 5, 7; *see also id.* at 5–13.

a miscarriage-of-justice exception for appeal waivers, and we decline to do so here. *See id.* at 389 (explaining that this circuit has not recognized a "miscarriage of justice" exception).

Chaney's waiver was both knowing and voluntary. He initialed every page and signed the final page of the plea agreement. *See* ROA.265–69; *see also* ROA.244. He confirmed having read the superseding indictment and having it explained to him. ROA.235. The judge clearly explained the maximum possible sentences, *see* ROA.238–39, and questioned whether Chaney "underst[oo]d that under [his] plea agreement, [he] ha[s] expressly waived [his] right to a direct appeal as set forth in the agreement." ROA.247. Chaney answered in the affirmative. In sum, the record amply supports that he knowingly and voluntarily waived his appellate rights.[6]

Finally, the plain language of Chaney's appeal waiver applies to his appeal. His 188-month sentence falls well short of the 20-year maximum for Hobbs Act Robbery, much less the 25-year maximum for Armed Bank Robbery. Therefore, "his claim . . . falls within the waiver provision and is waived on appeal." *Higgins*, 739 F.3d at 737; *see also Bond*, 414 F.3d at 546.

Accordingly, the motion to dismiss is GRANTED, and the appeal is DISMISSED.

---

[6] *Cf. United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013); *McKinney*, 406 F.3d at 746; *United States v. Higgins*, 739 F.3d 733, 736–37 (5th Cir. 2014).