# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-30442
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gregory Johnson, Jr.,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CR-96-1

———————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Gregory Johnson, Jr., pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 846. The district court determined that he was a career offender under U.S.S.G. § 4B1.1 and sentenced him below the enhanced guidelines

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

range to 140 months of imprisonment, followed by a four-year term of supervised release. On appeal, Johnson challenges his sentence, arguing that application of the career offender Guideline was improper because his prior Louisiana conviction for armed robbery was not a crime of violence.

Invoking the waiver of appeal provision in Johnson's plea agreement, the Government moves for dismissal of the appeal, urging that the waiver is valid and enforceable and precludes Johnson from challenging his conviction or sentence except where the sentence imposed is higher than the statutory maximum or a claim of ineffective assistance of counsel is raised. Johnson opposes the Government's motion, arguing that the waiver provision in the plea agreement is not enforceable because it is inherently unknowing and involuntary, and enforcement would result in a miscarriage of justice.

The validity of an appeal waiver is a question of law that we review de novo. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The record establishes that Johnson read and understood the plea agreement, which contained an "explicit, unambiguous waiver of appeal." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Thus, Johnson's appeal waiver was knowing and voluntary. *See United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014); Fed. R. Crim. P. 11(b)(1)(N). The record also reflects that the appeal waiver "applies to the circumstances at hand, based on the plain language of the [plea] agreement," *Higgins*, 739 F.3d at 736, as the sentencing issue raised does not fall within either of the stated exceptions to the appeal waiver. Although a defendant is released from an appeal waiver if the Government has breached the plea agreement, *see United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002), Johnson does not allege such a breach, and the record reveals that the Government complied with the terms of the plea agreement. Additionally, as Johnson concedes, this court does not recognize a miscarriage-of-justice exception to an appeal waiver. *See United States v. Chaney*, 120 F.4th 1300, 1303 (5th Cir. 2024), *petition for cert.*

No. 24-30442

*filed* (U.S. Feb. 6, 2025) (No. 24-6543); *see also United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020).

Accordingly, IT IS ORDERED that the Government's motion for dismissal is GRANTED, and the appeal is DISMISSED.